IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| ROYALTYSTAT, LLC, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX 15-3940 |
| | * | |
| INTANGIBLESPRING CORP., *et al.*, | * | |
| Defendants. | * | |

****** 

## MEMORANDUM OPINION

Plaintiff RoyaltyStat, LLC ("Plaintiff" or "RoyaltyStat") filed a Complaint against Defendants Institute for IntangibleSpring Corp. ("IntangibleSpring") and Raul Pacheco Quintanilla ("Pacheco" and collectively, "Defendants"). ECF No. 1. Plaintiff brings this action against Defendants for violations of the Copyright Act, Lanham Act, Maryland Uniform Trade Secrets Act, and Maryland state law in connection with alleged misappropriation of trade secrets and the use of false advertising.

Currently pending before the Court is Defendants' Motion to Dismiss (ECF No. 20). The issues have been fully briefed, and the parties were granted a hearing on the matter which took place on January 18, 2017. *See* ECF No. 35. At oral argument, the parties agreed the Court has authority to convert this motion to one to quash process. *See Vorhees v. Fischer & Krecke*, 697 F.2d 574, 576 (4th Cir. 1983); *Copeland v. Ecolab, Inc.*, No. CIV. WDQ-10-1158, 2011 WL 1837886, at *3 (D. Md. May 12, 2011); *Witcher v. Mac Tools, Inc.*, 62 F.R.D. 708, 710 (M.D.N.C. 1974).

1

For the reasons stated below, service on both Defendants shall be quashed. Defendants' motion to dismiss pursuant to Rule 12(b)(6) will be denied as moot and without prejudice to its renewal if service is properly effected.

## I.     BACKGROUND

Plaintiff RoyaltyStat is a limited liability company organized under the laws of the State of Maryland. RoyaltyStat provides its clients with a database of intellectual property royalty rates used for pricing and valuation in connection with litigation, corporate bankruptcy, business development, and mergers and acquisitions. ECF No. 1 at 5.

Defendant IntangibleSpring is a corporation organized under the laws of the Republic of Panama. Defendant Pacheco is a former independent contractor of RoyaltyStat and an owner of shares in IntangibleSpring. According to Plaintiff, Pacheco currently resides in France, ECF No. 27 at 7, but according to the Defendants' counsel, Pacheco formerly resided in France but is now a resident of Mexico. ECF No. 21 at 2.

On December 23, 2015, Plaintiff filed the instant lawsuit. ECF No. 1. Plaintiff alleges that Pacheco stole RoyaltyStat's customer list and proprietary data prior to being terminated and used this data to form IntangibleSpring, a competitor business.

On December 30, 2015, Plaintiff attempted to personally serve attorney John DiGiacomo ("DiGiacomo"), ECF No. 27-3 at 2, who later entered his appearance on behalf of both Defendants on June 22, 2016. ECF No. 24. According to Plaintiff, DiGiacomo, through his law firm Revision Legal, PLLC, was the last legal counsel representing IntangibleSpring in the United States and in connection with IntangibleSpring's registration of its trademark. *See* Trademark Application, ECF No. 27-2 at 9–10. When the process server delivered the papers,

DiGiacomo advised the process server that he was not authorized to accept service on behalf of IntangibleSpring. ECF No. 27 at 6.

On March 18, 2016, Plaintiff served the Panamanian law firm, Zuniga y Asociadas, through Yamileth Sanchez. ECF No. 14; ECF No. 21-3 at 2. Zuniga y Asociadas is a "resident agent" of IntangibleSpring. ECF No. 27 at 4 (citing Panama Corporation and Foundation Name Search Results for IntangibleSpring, ECF No. 27-1 at 1); ECF No. 21-3 at 2. At Plaintiff's direction, a private process server hand delivered a copy of the Complaint, the Summons, and all other pleadings (in both Spanish and in English) to the offices of Zuniga y Asociadas. ECF No. 27 at 5.

On April 25, 2016, a French bailiff attempted to personally serve Pacheco. According to bailiff's certificate, because "the aforementioned individual had left without a leaving a forwarding address," the French bailiff sent the summons and a formal record of the search "via registered mail with receipt confirmation" to the last known address of Pacheco. ECF No. 17 at 4.[1]

Defendants IntangibleSpring and Pacheco now move to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) and (b)(6) for insufficient service of process and for Plaintiff's failure to state a claim upon which relief can be granted. ECF No. 20 at 2.

## II.    STANDARD OF REVIEW

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant may move to dismiss for insufficient service of process. Fed. R. Civ. P. 12(b)(5). If service is contested, the plaintiff bears the burden of establishing that it effected proper service under Rule 4 of the

---

[1] Plaintiff's response states that Plaintiff "served the summons and complaint to a person of suitable age at what it identified as Mr. Pacheco's residence in France" on April 25, 2016, ECF No. 27 at 8, but Plaintiff cites to the unexecuted summons. ECF No. 13. The certified translation filed by Plaintiff of the executed summons explains that service was effected by "registered mail." ECF No. 17 at 4.

Federal Rules of Civil Procedure. *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006); *Dickerson v. Napolitano*, 604 F.3d 732, 752 (4th Cir. 2010); Fed. R. Civ. P. 4.

Actual notice is not the controlling standard, *Mining Energy, Inc. v. Dir., Office of Workers' Comp. Programs*, 391 F.3d 571, 576 (4th Cir. 2004); however, "when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service of process and uphold the jurisdiction of the court." *O'Meara*, 464 F. Supp. 2d at 476 (citing *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963)); *see also Armco, Inc. v. Penrod–Staufer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). Nevertheless, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Armco, Inc.*, 733 F.2d at 1089. If a court finds that plaintiff has failed to effectuate service under the meaning of Rule 4, the court may either dismiss the complaint or quash service and allow the plaintiff to attempt service again. *Miller v. Baltimore City Bd. of Sch. Comm'rs*, 833 F. Supp. 2d 513, 516 (D. Md. 2011) (citing *Vorhees v. Fischer & Krecke*, 697 F.2d 574, 575–76 (4th Cir. 1983)).

## III.    ANALYSIS

Defendants contend that each has not been properly served consistent with the requirements for service in a foreign country. Plaintiff disagrees as to Defendant IntangibleSpring, arguing that service on DiGiacomo constitutes valid service. As for Defendant Pacheco, Plaintiff claims to have satisfied Rule 4 in delivering the summons and complaint to his purported last known address in France. The Court finds that service on both Intangible Spring and Pacheco is insufficient. Plaintiff has provided the Court with no authority that service of Intangible Spring was valid under Panamanian Law and have improperly attempted service on an attorney unauthorized to accept service of process. Plaintiff's attempted service of Defendant

Pacheco was improper because Plaintiff neither complied with the Hague Convention nor satisfied due process.

"Valid service of process is a prerequisite to a district court's assertion of personal jurisdiction." *Persaud Companies, Inc. v. S. Md. Dredging, Inc.*, No. 12–2114, 2014 WL 640878, at *2 (D. Md. Feb. 18, 2014) (quoting *Swaim v. Moltan Co.*, 73 F.3d 711, 719 (7th Cir. 1996)) (internal quotation marks omitted). "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). "Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citation omitted).

Foreign corporations not served within the United States must be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(c)(i)." Fed. R. Civ. P. 4(h)(2). Pursuant to Rule 4(f), an individual in a foreign country may be served "by any internationally agreed means of service . . . , such as those authorized by the Hague Convention." Fed. R. Civ. P. 4(f)(1).

Regarding methods of service, Rule 4(f) further provides that where an international agreement allows but does not specify other means, Rule 4(f) permits service "by a method that is reasonably calculated to give notice," including:

> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by:

> (i) delivering a copy of the summons and of the complaint
> to the individual personally; or
> (ii) using any form of mail that the clerk addresses and sends
> to the individual and that requires a signed receipt [. . .]

Fed. R. Civ. P. 4(f)(2)(A)–(C). A plaintiff can also move for alternative service pursuant to Rule 4(f)(3) "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3); s*ee BP Prod. N. Am., Inc. v. Dagra*, 232 F.R.D. 263, 264 (E.D. Va. 2005).

To be proper, a form of service must also be authorized by the law of the forum; in this case, by the Federal Rules of Civil Procedure. *Brockmeyer v. May*, 383 F.3d 798, 803–04 (9th Cir. 2004); *cf. Randolph v. Hendry*, 50 F. Supp. 2d 572, 578–79 (S.D.W. Va. 1999) ("[T]he Hague Convention provides the mechanism for service of process and leaves more detailed requirements up to the individual member nations to determine . . . with reference to the applicable law of the forum seeking to obtain jurisdiction over the defendant and the overarching requirements of procedural due process.").

## A. Defendant IntangibleSpring

### 1. *Service on Panamanian law firm Zuniga y Asociadas*

Defendant IntangibleSpring is a Panamanian corporation and may only be served by internationally-agreed means or by those means prescribed by Panama's law for service in an action in its courts of general jurisdiction. See Fed. R. Civ. P. 4(f). Both Panama and the United States are signatories to the Inter-American Convention on Letters Rogatory ("IACLR"), which is intended to replace the traditional letters of request[2] and allow for service of process in a

---

[2] "Letter of request" is synonymous with "letter rogatory." Fed. R. Civ. P. 4 advisory committee's note to 1993 amendment. ("Although these words are synonymous with 'letter rogatory,' 'letter of request' is preferred in modern usage.")

manner recognized by both countries.[3] *Elcometer, Inc. v. TQC-USA, Inc.*, No. 12-CV-14628,

2013 WL 592660, at *2 (E.D. Mich. Feb. 14, 2013); Inter-American Convention on Letters

Rogatory, January 30, 1975, S. TREATY DOC. No. 27, 98th Cong., 2d Sess. (1984). However,

the IACLR "merely provides a mechanism for transmitting and delivering letters rogatory when

*and if* parties elect to use that mechanism." *Dow Chem. Co. v. Daniel*, No. 13-14745, 2014 WL

1304289, at *7 (E.D. Mich. Mar. 28, 2014) (quoting *Kreimerman v. Casa Veerkamp, S.A. de

C.V.*, 22 F.3d 634, 642 (5th Cir. 1994)) (emphasis in original). The IACLR does not limit the

only means of service to letters of request, nor does it "foreclose other methods of service among

parties residing in different signatory nations, if otherwise proper and efficacious." *Kreimerman*,

22 F.3d at 647. Because the IACLR "allows but does not specify other means" of service, the

Panamanian corporation can be served as prescribed by Panamanian law. Fed. R. Civ. P.

4(f)(2)(A).

Plaintiff served the Panamanian law firm Zuniga y Asociadas, the "resident agent" of

IntangibleSpring, with a copy of the Complaint and Summons via hand delivery from a private

process server. ECF No. 27 at 4; ECF No. 14. Plaintiff claims that under Panamanian law,

service on a Panamanian company is proper through its "registered agent." However, this Court

cannot apply the foreign law of Panama unless "the requirements of Rule 44.1 of the Federal

Rules of Civil Procedure are met." *Baker v. Booz Allen Hamilton, Inc.*, 358 F. App'x. 476, 481

(4th Cir. 2009).

Rule 44.1 states:

> A party who intends to raise an issue about a foreign country's law
> must give notice by a pleading or other writing. In determining

---

[3] *See* U.S. Department of State, *Inter-American Service Convention and Additional Protocol*,
https://travel.state.gov/content/travel/en/legal-considerations/judicial/service-of-process/iasc-and-
additional-protocol.html (last visited Jan. 17, 2017).

> foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. The court's determination must be treated as a ruling on a question of law.

Fed. R. Civ. P. 44.1.

Rule 44.1 grants federal courts "broad authority to conduct their own independent research to determine foreign law but imposes no duty upon them to do so." *Baker*, 358 F. App'x. at 481 (citing *Carey v. Bahama Cruise Lines*, 864 F.2d 201, 205 (1st Cir. 1988)); *accord Riffe v. Magushi*, 859 F. Supp. 220, 223 (S.D. W.Va. 1994) ("The Court is under no obligation to undertake research of foreign law, although it may resort to any helpful source."). As a result, the party seeking the benefit of foreign law must carry "both the burden of raising the issue that foreign law may apply in an action and the burden of proving foreign law to enable the district court to apply it in a particular case." *Baker*, 358 F. App'x. at 481; *accord Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 489 (3d Cir. 1993) (finding service of process deficient where a party "points to no authority, statutory or judicial, that permits a notary to effect service of process issued by a foreign court on a Spanish resident.").

Here, by failing to provide the relevant Panamanian law under Rule 44.1, Plaintiff cannot demonstrate, as it must, that the means of service of process was legally sufficient under the laws of Panama. Reference to the IACLR alone is not enough for Plaintiff to sustain this burden under Rule 44.1. Plaintiff's reliance on *Paiz v. Castellanos*, No. 06-22046-CIV, 2006 WL 2578807, at *2 (S.D. Fla. Aug. 28, 2006) is misplaced. In *Paiz*, the plaintiff, in asserting that its service was not prohibited by Guatemalan law, submitted substantive memoranda concerning Guatemalan law and provided translations of the law as exhibits in support of its method of service. *Paiz v. Castellanos*, No. 06-22046-CIV, 2006 WL 2578807, at *2 (S.D. Fla. Aug. 28, 2006) (see ECF No. 7 at 5, 16–19). Similarly, before this Court in *Lipenga v. Kambalame*, No. GJH-14-3980,

2015 WL 9484473 (D. Md. Dec. 28, 2015), the plaintiff identified a specific provision of

Malawian law which permits service of process upon the employer of a public official. *Lipenga*

*v. Kambalame*, No. GJH-14-3980, 2015 WL 9484473, at *1 (D. Md. Dec. 28, 2015).

Interestingly, Defendants supply what appears to be the relevant Panamanian law—

Article 1002—via affidavit of a Panamanian attorney. ECF No. 28-1. Article 1002 requires

personal service of the summons and complaint. *Id.* Article 1002, however, is silent as to

whether service on a registered agent constitutes personal service. *Id.* Further, at the motions

hearing, Defendants' counsel provided that Defendant Pacheco is the sole officer of

IntangibleSpring and the only individual that can accept service on its behalf. Accordingly, and

especially in light of Defendants' submission, Plaintiff has not persuaded the Court that service

was valid under Panamanian law. *See Ferrostaal, Inc. v. M/V Sea Phoenix*, 447 F.3d 212, 218

(3d Cir. 2006) (declining to apply Tunisian law because the moving party who sought to rely on

Tunisian law "did not provide expert testimony, the text of the actual enactment, Tunisian court

decisions, excerpts from treatises, or any other authoritative sources."); *accord* Fed. R. Civ. P.

44.1 advisory committee's note, 1966 Adoption (when litigant invokes foreign law, the court

may "insist on a complete presentation by counsel" and that Rule "refrains from imposing an

obligation on the court to take 'judicial notice' of foreign law because this would put an extreme

burden on the court in many cases").

    *2.   Service on Attorney John DiGiacomo in Michigan*

Alternatively, Plaintiff contends that service of attorney John DiGiacomo in Michigan,

one of IntangibleSpring's attorneys, was proper because DiGiacomo was the last known counsel

representing IntangibleSpring and has since entered his appearance in this action. Defendants

contend that because DiGiacomo was not authorized to accept service on behalf of IntangibleSpring, this attempted service is insufficient under Rule 4.

At the outset, it bears noting that simply because counsel represents Defendants does not render him automatically authorized to accept service of process. *See Deakins v. Pack*, No. 1:10-1396, 2012 WL 2955514, at *5 (S.D.W. Va. June 28, 2012), *report and recommendation adopted*, No. 1:10-CV-01396, 2012 WL 2952354 (S.D.W. Va. July 19, 2012) ("The mere fact that a party is represented by counsel does not necessarily mean that the attorney has been authorized to accept service of process."); *Roden v. Diah*, 2008 WL 5334309, at *6 (W.D. Va. Dec.19, 2008) ("[T]he attorney-client relationship, standing alone, does not establish that an attorney is an agent authorized to accept service on behalf of his client."); *Leach v. BB & T Corp.*, 232 F.R.D. 545, 551 (N.D. W.Va. 2005) ("[A] party does not waive his right to service of process whenever an attorney appears on his behalf."); *Davies v. Jobs & Adverts Online*, 94 F.Supp.2d 719, 722 (E.D. Va. 2000) ("[T]he mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service.") (quoting *United States v. Ziegler Bolt and Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997)). Nor does counsel's entry of appearance in the case change this analysis. *Leach v. BB & T Corp.*, 232 F.R.D. 545, 551 (N.D.W. Va. 2005) (citing *Kiro v. Moore*, 229 F.R.D. 228 (D.N.M. 2005)). For service on the attorney to constitute proper service on the party, Plaintiff must demonstrate that the Defendant's attorney "exercised authority beyond the attorney-client relationship, including the power to accept service." *Copeland v. Ecolab, Inc.*, No. WDQ-10-1158, 2011 WL 1837886, at *3 n.13 (D. Md. May 12, 2011) (quoting *Davies*, 94 F. Supp. 2d at 722).

It is undisputed here that DiGiacomo advised Plaintiff's process server that he was not authorized to accept service. ECF No. 27 at 6. Without evidence to the contrary, DiGiacomo

cannot be Defendant's agent for the purposes of receiving service of process simply because he is Defendant's attorney. *Davies*, 94 F. Supp. 2d at 722.

Nor can Rule 4(f)(3) at this juncture, change the analysis. Rule 4(f)(3) allows for service on a foreign defendant "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3); *see Dagra*, 232 F.R.D. at 264. But because Plaintiff did not seek permission of the Court to pursue this alternate method of service prior to serving DiGiacomo, Rule 4(f)(3) does not apply. Thus, without a Court order pursuant to Rule 4(f)(3), service on DiGiacomo was insufficient to effect service on Defendant IntangibleSpring.

### B.  Defendant Raul Pacheco Quintanilla

Defendant Raul Pacheco Quintanilla ("Pacheco") is allegedly a resident of France.[4] ECF No. 27- at 7. Service of process on Defendant Pacheco in a foreign country must also comply with constitutional due process notice requirements and Rule 4(f) of the Federal Rules of Civil Procedure. *Lipenga*, No. GJH-14-3980, 2015 WL 9484473, at *2 (D. Md. Dec. 28, 2015) (citing *Enovative Tech., LLC v. Leor*, No. JKB-14-3956, 2014 WL 7409534, at *1 (D. Md. Dec. 24. 2014)).

France and the United States are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.[5] *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 300 (2d Cir. 2005). This Convention provides a simple and straightforward mode of service of process for all civil and commercial cases where, as here, a party transmits judicial documents for service abroad. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694,

---

[4] Defendants contend Mr. Pacheco is a resident of Mexico, was previously residing in France, ECF No. 21 at 2, and was never served in France. *See* ECF No. 21-2.

[5] Hague Convention on Private International Law, 14: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, April 7, 2016, available at https://www.hcch.net/en/instruments/conventions/statustable/?cid=17.

698 (1988) ("The [Hague Convention] was intended to provide a simpler way to serve process abroad."). The Hague Convention enumerates several alternate methods: (1) service through the Central Authority of member states; (2) service through consular channels; (3) service by mail if the receiving state does not object; and (4) service pursuant to the internal laws of the state. *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 300 (2d Cir. 2005) (citing Hague Convention, Arts. 5, 6, 8, 9 & 10); *see also Volkswagenwerk*, 486 U.S. at 698; *ePlus Tech., Inc. v. Aboud*, 155 F. Supp. 2d 692, 696 (E.D. Va. 2001).

In this case, Plaintiff elected to serve Pacheco under the first option—service through the Central Authority. ECF No. 17 at 4.

> Under this method, process is first sent to the Central Authority of the foreign jurisdiction in which process is to be served, which in this case is the French Ministry of Justice. Hague Convention, Art. 3. The Central Authority must then arrange to have process served on the defendants. *Id.* Art. 5. Upon completion of service, the Central Authority must complete a Certificate detailing how, where, and when service was made, or explaining why service did not occur. *Id.* Art. 6. Finally, the completed Certificate is returned to the applicant. *Id.*

*Burda Media, Inc. v. Viertel*, 417 F.3d 292, 300 (2d Cir. 2005). In France, service is effected by the National Chamber of Bailiffs, who, in turn, shall address it to a bailiff who is territorially competent to serve it. *See* The Hague Conference on Private International Law, *France - Central Authority & Practical Information* (November 24, 2015), *available at* https://www.hcch.net/en/states/authorities/details3/?aid=256 (last visited January 17, 2017). France has designated the French court bailiff with territorial jurisdiction to complete the certificate detailing the method of service. The Hague Conference on Private International Law, *France - Competent Authority (Art. 6)*, https://www.hcch.net/en/states/authorities/details3/?aid=411 (last accessed January 4, 2016).

At the outset, however, the Court notes that the Hague Convention does not apply to the instant action. Article I of the Hague Convention plainly states that it is not applicable where "the address of the person to be served with the document is now known." Hague Convention, Art. 1. Plaintiff claims that a French address is indeed Pacheco's "last known address," which by definition means Plaintiff does not know his current address. Thus, under the plain language of the Hague Convention, it does not apply.

What is more, Plaintiff cannot readily take cover under French law, claiming that service to some claimed last known address constitutes proper service under Rule 4. ECF No. 17 at 4. To be sure, Article 659 of the French Code of Civil Procedure provides that:

> When the person upon whom the document must be served has no known domicile, residence, or place of employment, the court bailiff shall prepare a formal record wherein he/she shall indicate, in detail, the steps that he/she took to search for the act's intended recipient. On the same day, or no later than the first following business day, under penalty of nullity, the court bailiff shall send the intended recipient, at the last known address, via registered mail with receipt confirmation, a copy of the formal record to which shall be attached a copy of the document being served. On the same day, the court bailiff shall inform the intended recipient, via regular mail, of the formality carried out . . . .

ECF No. 17 at 4. But nowhere can the Plaintiff demonstrate under French law that simply leaving a copy of the complaint and the summons at a last known address constitutes proper service. This is especially so where, as here, other provisions of the French Code of Civil Procedure compel "personal service" as the only means of proper service. *See* Art. 654 N.C.P.C.

Even if compliance with Article 659 constitutes proper service under French law, it would not satisfy due process standard of our courts. For service to satisfy due process, it must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their

objections." *Plemons v. Gale*, 396 F.3d 569, 573 (4th Cir. 2005) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). "Service of [p]rocess by mail is not a convenience for plaintiffs, [but rather] it is an elementary and fundamental requirement of due process in any proceeding." *Arrogar Distributors, Inc. v. Kis Corp.*, 151 F.R.D. 221, 225 (D.P.R. 1993) (citing *Mullane v. Central Hanover Tr. Co.*, 339 U.S. 306, 314).

The Court is further confounded by how Plaintiff's claimed "service" is reasonably calculated to apprise interested parties of the pendency of the action. *Lipenga v. Kambalame*, No. GJH-14-3980, 2015 WL 9484473, at *4 (D. Md. Dec. 28, 2015) (refraining to enter a default judgment plaintiff had made efforts to comport with the Hague Convention but finding these initial efforts did not satisfy due process). By definition, Plaintiff has *not* served Defendant Pacheco but merely dropped off a complaint at his supposed last known address. Nor can Plaintiff point to any evidence in the record demonstrating his due diligence in locating Defendant. *See Arrogar Distributors, Inc. v. Kis Corp.*, 151 F.R.D. 221, 225 (D.P.R. 1993) (finding due process not satisfied because "[t]he record does not state specific probative facts showing that due diligence was employed to locate defendant's address"); *cf. In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 264 (S.D.N.Y. 2012) (noting the record as devoid of the accuracy of a parties' residential address before allowing alternate court-directed means of service under Rule 4(f)(3)).

Accordingly, despite Plaintiff not having demonstrated that Defendants were properly served, the Court is unwilling to dismiss the action at this juncture. Rather, the Court shall convert this motion as one to quash the service of process and shall provide the Plaintiff with 14 days to seek permission of the Court to pursue an alternate method of

service pursuant to Rule 4(f)(3). *See Vorhees v. Fischer & Krecke*, 697 F.2d 574, 576 (4th Cir.

1983).


 1/19/2017                                          /S/
Date                                    Paula Xinis
                                        United States District Judge