IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| ROYALTYSTAT, LLC, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX 15-3940 |
| | * | |
| INTANGIBLESPRING CORP., *et al.*, | * | |
| Defendants. | * | |

****** 

## MEMORANDUM OPINION

Currently pending before the Court is Plaintiff RoyaltyStat, LLC's ("Plaintiff" or "RoyaltyStat") Motion for Approval of Alternative Service pursuant to Federal Rule of Civil Procedure 4(f)(3). ECF No. 40. Plaintiff moves to serve Defendant Raul Pacheco Quintanilla, a Mexican resident, individually and on behalf of Defendant Institute for IntangibleSpring Corp. ("IntangibleSpring"), a Panamanian corporation, via their United States attorneys currently representing them in this matter. The issues are fully briefed, and the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. For the reasons stated below, Plaintiff's motion shall be GRANTED.

## I.     BACKGROUND

Defendant IntangibleSpring is a corporation organized under the laws of the Republic of Panama. Defendant Pacheco is a former independent contractor of RoyaltyStat and an owner of shares in IntangibleSpring.

Plaintiff first believed that Defendant Pacheco resided in France, where they focused their efforts on perfecting service. Plaintiff attempted to serve Pacheco in France in compliance

with Rule 4(f)(1) and the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, November 15, 1965, 20 U.S.T. 361 (the "Hague Convention"), with no success. At the same time, Plaintiff also attempted to serve IntangibleSpring through it attorney, John Di Giacomo, who eventually entered his appearance in this case. Plaintiff also attempted service of process on IntangibleSpring's resident agent in Panama to no avail.

After a hearing on Defendant's Motion to Quash service on attorney John Di Giacomo, the Court granted Defendants' motion but made clear that Plaintiff would be given an opportunity to move for alternative service under  Rule 4(f) of the Federal Rules of Civil Procedure.[1]  ECF No. 37. At that same hearing, Defendants' counsel agreed in open court that service of process on Defendant Pacheco, an officer of IntangibleSpring, would also satisfy service of process on Defendant IntangibleSpring. *See* M. Hr'g Tr., Jan. 18, 2017, ECF No. 41-4 at 4.

During the litigation of Defendants' Motion to Quash, Plaintiff then became aware that Pacheco purportedly lives in Mexico, and Plaintiff engaged a Mexican investigator in an attempt to find Pacheco's address. ECF No. 41-1 at 4. Plaintiff's Mexican investigator ran multiple searches but could not confirm a physical address registered in Pacheco's name. ECF No. 41-1 at 4. Then, after Plaintiff once again expended additional time and energy attempting to locate Pacheco, Pacheco's counsel provided Pacheco's address in Mexico to the Plaintiff on January 30, 2017, ECF No. 41-3 at 10, only three days before Plaintiff's motion for alternative service was due to the Court. ECF No. 37.

---

[1] Defendants' motion at ECF No. 20 was captioned as a motion to dismiss but was converted to a motion to quash process. ECF No. 36 at 1.

Plaintiff argues that its extensive efforts to locate Pacheco and to serve IntangibleSpring demonstrate that it has exhausted all reasonable avenues to obtain service, and therefore seeks leave under Rule 4(f) to serve Defendants' attorneys, John Lynch and John Di Giacomo instead. Defendants argue that Plaintiff should be required to provide more evidence justifying the need to resort to alternative service under Rule 4(f)(3).

## II.   ANALYSIS

Rule 4(f) governs service of process upon individuals in foreign countries and provides three mechanisms of service:

> (1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or
>
> (2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice: . . . or
>
> (3) by other means not prohibited by international agreement as may be directed by the court.

Fed. R. Civ. P. 4(f).

Service of process under either prong of Rule 4(f) of the Federal Rules of Civil Procedure must also satisfy constitutional due process notice requirements. *Lipenga*, No. GJH-14-3980, 2015 WL 9484473, at *2 (D. Md. Dec. 28, 2015) (citing *Enovative Tech., LLC v. Leor*, No. JKB-14-3956, 2014 WL 7409534, at *1 (D. Md. Dec. 24. 2014)). Notably, Rule 4(f) does not denote any hierarchy or preference of one method of service over another. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). In other words, service under Rule 4(f)(3) can be sought and obtained at any time provided that service is directed by the court and not prohibited by international agreement. *Id.* In this way, Rule 4(f)(3) alternative service is neither a 'last

resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Id.* (internal citation omitted).

However, "a district court, in exercising the discretionary power permitted by Rule 4(f)(3), may require the plaintiff to show that they have 'reasonably attempted to effectuate service on defendant and that the circumstances are such that the district court's intervention is necessary to obviate the need to undertake methods of service that are unduly burdensome or that are untried but likely futile.'" *FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (quoting *Ryan v. Brunswick*, 2002 WL 1628933, *2 (W.D.N.Y. 2002)). Plaintiff's efforts to find Defendant Pacheco and serve Defendant IntangibleSpring, as detailed *supra* and in the Court's prior memorandum opinion (*Royaltystat, LLC v. IntangibleSpring Corp.*, No. CV PX 15-3940, 2017 WL 219372 (D. Md. Jan. 19, 2017), ECF No. 36), satisfy the Court's requirement. Accordingly, the Court must now determine whether the requested method of service is "reasonably calculated" to give notice to defendant and is not prohibited by international agreement. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Each is addressed in turn.

First, the proposed service on Defendants' attorneys is not otherwise prohibited by any international agreement. Defendant IntangibleSpring is a Panamanian corporation. Both Panama and the United States are signatories to the Inter-American Convention on Letters Rogatory ("IACLR"), which is intended to replace the traditional letters of request[2] and allow for service of process in a manner recognized by both countries.[3] *Elcometer, Inc. v. TQC-USA, Inc.*, No. 12-

---

[2] "Letter of request" is synonymous with "letter rogatory." Fed. R. Civ. P. 4 advisory committee's note to 1993 amendment. ("Although these words are synonymous with 'letter rogatory,' 'letter of request' is preferred in modern usage.")

[3] *See* U.S. Department of State, *Inter-American Service Convention and Additional Protocol*, https://travel.state.gov/content/travel/en/legal-considerations/judicial/service-of-process/iasc-and-additional-protocol.html (last visited Jan. 17, 2017).

CV-14628, 2013 WL 592660, at *2 (E.D. Mich. Feb. 14, 2013); Inter-American Convention on

Letters Rogatory, January 30, 1975, S. TREATY DOC. No. 27, 98th Cong., 2d Sess. (1984).

However, the IACLR "merely provides a mechanism for transmitting and delivering letters

rogatory when *and if* parties elect to use that mechanism." *Dow Chem. Co. v. Daniel*, No. 13-

14745, 2014 WL 1304289, at *7 (E.D. Mich. Mar. 28, 2014) (quoting *Kreimerman v. Casa

Veerkamp, S.A. de C.V.*, 22 F.3d 634, 642 (5th Cir. 1994)) (emphasis in original). The IACLR

does not set forth the only means of service, nor does it "foreclose other methods of service

among parties residing in different signatory nations, if otherwise proper and efficacious."

*Kreimerman*, 22 F.3d at 647. Because the IACLR does not prohibit service of process upon the

attorney of record, this requirement of Rule 4(f)(3) is met regarding Defendant Intangible Spring.

As to Defendant Pacheco, he currently resides in Mexico according to his counsel. ECF

No. 41-3 at 10.  Mexico is also a signatory of the IACLR. *Kreimerman v. Casa Veerkamp, S.A.

de C.V.*, 22 F.3d 634, 637 (5th Cir. 1994); *Nicor Int'l Corp. v. El Paso Corp.*, 292 F. Supp. 2d

1357, 1372 n.9 (S.D. Fla. 2003). But Mexico and the United States are also signatories to the

Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.[4] *Compass

Bank v. Katz*, 287 F.R.D. 392, 394 (S.D. Tex. 2012); *Unite Nat'l Ret. Fund v. Ariela, Inc.*, 643 F.

Supp. 2d 328, 333 (S.D.N.Y. 2008). Notably, however, the Defendant attorneys are based in the

United States (Michigan and Maryland respectively), and so the Hague Convention does not

apply because "transmittal abroad" would not be "a necessary part of service.'" *FMAC Loan

Receivables v. Dagra*, 228 F.R.D. 531, 533 (E.D. Va. 2005) (quoting and citing *Volkswagenwerk

Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988) ("Where service on a domestic agent is

---

[4] Hague Convention on Private International Law, 14: Convention of 15 November 1965 on the Service
Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, April 7, 2016, available
at https://www.hcch.net/en/instruments/conventions/statustable/?cid=17.

valid and complete under both [governing authority] and the Due Process Clause, our inquiry

ends and the Convention has no further implications")); *accord Atlas One Fin. Grp., LLC v.*

*Alarcon*, No. 12-CV-23400, 2014 WL 12571403, at *3 (S.D. Fla. Feb. 28, 2014) ("The Hague

Convention does not apply to service in the U.S. or where the address of the person to be served

is unknown.").[5] Thus, service upon domestically based attorneys is not prohibited by any

applicable international agreement and so meets the requirements of Rule 4(f)(3).  The Court

next turns to its due process analysis.

 The record in this case clearly indicates that service on Defendants' attorneys John Di

Giacomo and John Lynch is reasonably calculated to provide the Defendants with formal notice

of the immediate action. Defendants' initial motion to quash demonstrates as much.  There,

counsel was able to confer with his client enough to address both insufficiency of process and the

merits of the claims. ECF No. 21. Through counsel, therefore, Defendants were able to

meaningfully participate in the defense. Indeed, Defendant Pacheco's sworn affidavit submitted

as part of his Motion to Quash, ECF No. 21-2, demonstrates unequivocally that he has actual

notice of this litigation.

 Since the Courts' hearing on Defendants' motion to quash the prior summons,

Defendants' counsel now also knows where Defendant Pacheco's currently lives in Mexico.

This is not an insubstantial feat given the difficulties that Plaintiff has encountered in locating

Defendant Pacheco after many good-faith attempts.  Finally, given counsels' professional and

ethical obligations to keep Defendant Pacheco informed about the status of the case going

---

[5] Defendants insisted that Plaintiff had failed to show that the proposed method of service was not prohibited by Mexico's laws under Rule 4(f)(2)( C). Both Parties provide legal opinions of Mexican lawyers on that issue. ECF No. 42-1 and 41-3. However, Plaintiff's request was made under Rule 4(f)(3) which does not require a showing that the method of service is not prohibited by the foreign country's laws. *See also Atlas One Fin. Grp., LLC v. Alarcon*, No. 12-CV-23400, 2014 WL 12571403, at *3 (S.D. Fla. Feb. 28, 2014).

forward, *see* Md. Rules of Prof'l Conduct 19-301.4, counsel must have some mechanism for contacting Defendants. Serving Mr. Di Giacomo and Mr. Lynch, therefore, would be reasonably calculated to provide Defendants notice of the pendency of this action.

Granting alternative service under Rule 4(f)(3) on a foreign defendant's counsel is not new. *See Fru Veg Marketing, Inc. v. Vegfruitworld Corp.*, 896 F. Supp. 2d 1175, 1182-83 (S.D. Fla. 2012) (collecting cases); *In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 263 (S.D.N.Y. 2012); *Prediction Co. LLC v. Rajgarhia*, No. 09 CIV.7459, 2010 WL 1050307, at *1 (S.D.N.Y. Mar. 22, 2010); *FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005); *BP Prod. N. Am., Inc. v. Dagra*, 232 F.R.D. 263, 265 (E.D. Va. 2005); *Forum Fin. Group, LLC v. President and Fellows of Harvard College*, 199 F.R.D. 22, 23 (D. Me. 2001) (directing service on a defendant residing in Russia to be made on the defendant's attorney representing him in another matter). Where, as here, Plaintiffs have made several good faith attempts to serve Defendants directly, service on defense counsel would reasonably provide notice of the suit to Defendants, and this alternative method is not prohibited by any international agreement, service on defense counsel is proper.  Plaintiff's motion is thus granted.  A separate order will follow.


 3/9/2017                                                            /S/
Date                                                    Paula Xinis
                                                       United States District Judge