UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

ROYALTYSTAT, LLC,
a Maryland limited liability company,

    Plaintiff and Counter-Defendant,           Case No.: 8:15-cv-03940-GJH

    v.                                                Hon. Paula Xinis

INTANGIBLESPRING, INC.,
a Panamanian corporation,

and

RAUL PACHECO QUINTANILLA,
a resident of the United Mexican States,

    Defendants and Counter-Plaintiffs,

    v.

EDNALDO SILVA,
a resident of the State of Maryland,

    Counter-Defendant.

---

**STIPULATED ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIALS**

Whereas, the parties have stipulated and agreed that certain discovery material is to be treated as confidential;

Accordingly, it is this _____ day of May, 2018, by the United States District Court for the District of Maryland, ORDERED:

**PRELIMINARY STATEMENT OF GOOD FAITH**

The Parties agree that information will not be designated as confidential for tactical reasons and any designation made in accordance with this Protective Order shall

1

be made with a good faith belief that there is good cause why any material so designated should not be part of the public record of this case. Examples of confidential information that the Parties may seek to protect from unrestricted or unprotected disclosure include without limitation:

    (a)    Information governed by a non-disclosure or confidentiality agreement or obligation between the producing Party and a third party;

    (b)    Agreements with third parties, including licensing agreements, distribution agreements, sales agreements, or service agreements;

    (c)    Information related to budgets, sales, profits, costs, margins, licensing of content, product pricing, or other internal financial and accounting information, including non-public information related to the Parties' financial condition, performance, income, or other non-public financial information; and

    (d)    Trade secrets (as defined by the Uniform Trade Secrets Act).

Unprotected or unrestricted disclosure of such confidential information would result in prejudice or harm to the producing Party by revealing commercially or personally sensitive materials representing valuable tangible and intangible assets of that Party or by invading the privacy of the producing Party. For these reasons, the Parties agree that there is good cause for the entry of this Protective Order.

1. <u>Designated Material</u>.

    1.1    Information or material may be designated for confidential treatment pursuant to this Protective Order by any Party, person, or entity producing or filing it in this action (the "Designating Party"), if:

    (a)    produced or served, formally or informally, in accordance with the Federal Rules of Civil Procedure or in response to any other formal or informal discovery request or during a deposition in this action; or

    (b) filed or lodged with the Court.

All such information and material and any information or material derived therefrom shall be "Designated Material" under this Protective Order.

    1.2 Unless and until otherwise ordered by the Court or agreed to in writing by the Parties, all Designated Material shall be used by the Parties and persons receiving them solely for conducting the above-captioned litigation and any appellate proceeding relating thereto.  Designated Material shall not be used by any Party or person for any other purpose.  No party or person shall disclose Designated Material to any other Party or person not entitled to receive such Designated Material under the specific terms of this Protective Order.  For the purposes of this Protective Order, any form of the term "disclose" means to show, furnish, reveal, or provide, whether directly or indirectly, any portion of the Designated Material or the information therein in any fashion.  The restrictions discussed herein apply equally to copies and originals of any Designated Material.

    2. <u>Access to Designated Material</u>.

    2.1 Material Designated "CONFIDENTIAL":  Subject to the limitations described in this Protective Order, Designated Material may be marked "CONFIDENTIAL" to prevent the disclosure of information that the Designating Party believes in good faith warrants protection as described in Section 2 and its subsections under Rule 26(c) of the Fed. R. Civ. P.  Such information may include but is not limited to:

      (a) Information showing the financial performance or standing of the Designating Party, including income statements, balance sheets, and budget projections;

3

      (b)      Names, addresses, and other information tending to identify customers, distributors, prospective distributors, or other third-party business partners or prospective business partners of the Designating Party;

      (c)      Information revealing any trade secret held by the Designating Party;

      (d)      Information held by a Designating Party having a good faith belief that such information has competitive value, is not generally known to others, and which the Designating Party would not reveal to third parties except in confidence;

      (e)      Information that a Designating Party reasonably and in good faith believes falls within the right to privacy guaranteed by the laws of the United States or New York; and

      (f)      Information the Designating Party reasonably and in good faith believes comprises, reveals, or reflects proprietary or other confidential information.

The list above is representative and any information or category of information not specifically listed as an example in this Protective Order shall not merely by its omission be excluded from coverage under this Protective Order.

      2.2      Material designated "CONFIDENTIAL" may be disclosed only to the following Designees:

      (a)      Persons appearing on the face of any Designated Material marked "CONFIDENTIAL" as an author, addressee, or recipient thereof;

      (b)      Counsel retained as outside litigation attorneys of record in this action, their respective associates, clerks, legal assistants, stenographic, and support personnel, and other employees of such outside litigation attorneys, as well as organizations retained by such attorneys to provide litigation support services in this action and the employees of said organizations. The term "Counsel" excludes any in-house counsel whether they are or are not attorneys of record in this action;

  (c)  Consultants, including non-party experts and consultants retained or employed by Counsel to assist in the preparation and trial of the lawsuit. As set forth in Section 4, each consultant must sign a certification that he or she has read this Stipulated Confidentiality Order, will abide by its provisions, and will submit to the jurisdiction of this Court regarding the enforcement of this Order's provisions;

  (d)  A Party's officers and/or employees, which may include in-house counsel;

  (e)  The Court, its clerks and secretaries, and any court reporter retained to record proceedings before the Court; and

  (f)  Court reporters retained to transcribe any deposition.

  2.3  Material Designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY": Subject to the limitations of this Stipulated Confidentiality Order, material may be marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to prevent the disclosure of information or material which, if disclosed to the receiving Party, might cause competitive harm to the Designating Party. Information and material that may be subject to this protection includes but is not limited to intellectual property, financial data, marketing data, sales data, and/or information having strategic commercial value pertaining to the Designating Party's trade or business. Nothing in Section 2.1 shall limit the material that may be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this paragraph. Before designating any specific information "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Designating Party's counsel shall make a good faith determination that the material warrants such protection.

  2.4  Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to the following Designees:

  (a) Persons appearing on the face of any Designated Material marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as an author, addressee, or recipient thereof;

  (b) Counsel for any Party to this action as described in Section 2.2(b) above;

  (c) Consultants relied upon by any Party to this action as described in Section 2.2(c), subject to the disclosure requirements of Section 2.5 and the requirements of Section 4;

  (d) The Court, its clerks and secretaries, and any court reporter retained to record proceedings before the Court; and

  (e) Court reporters retained to transcribe any deposition.

  2.5 If any Party wishes to disclose material or information from material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," to any consultant, that Party must first disclose the identity of the consultant to counsel for the Designating Party and submit a certification as described below in Section 4.

  3. <u>Legal Effect of Designation</u>.

  3.1 The designation of any material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is intended solely to facilitate this action. Neither designation nor treatment of material in conformity with a designation shall be construed in any way as an admission or agreement by any Party that any Designated Material is composed of or comprises any trade secret or confidential information.

  3.2 Except as described in this Stipulated Confidentiality Order, no Party to this action shall be obligated to challenge the propriety of any designation, and a failure to challenge any designation shall not preclude a subsequent attack on the propriety of such designation.

6

3.3     Nothing in this Stipulated Confidentiality Order shall restrict the ability of any receiving Party to use "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Designated Material in examining or cross-examining any employee or consultant of the Designating Party.

4.     <u>Certificates Concerning Designated Materials</u>.  Each consultant used by any Party as described in Sections 2.2(c) and 2.4(c) above who reviews any Designated Material or information from any Designated Material shall, prior to reviewing any such material or information, review this Stipulated Confidentiality Order and execute the certificate attached as Schedule A.  Counsel for any Party who discloses any such material or information shall retain each executed certificate and shall circulate copies to counsel for all Parties concurrently with the identification of any consultant pursuant to Section 2.5.

5.     <u>Use of Designated Materials by Designating Party</u>.  Nothing in this Stipulated Confidentiality Order shall limit a Designating Party from disclosing its own information or materials to any person.  Such disclosure shall not affect any designations made pursuant to the terms of this Stipulated Confidentiality Order provided that any disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

6.     <u>Manner of Designating Material</u>.

6.1     Documents, discovery responses, and other written or printed material shall be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in whole or in part by placement of either

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page so designated prior to production.

6.2    If the first page or cover page of a multi-page document or other material bears either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the entire document or item shall be deemed so designated, and the absence of either marking on each page shall not constitute a waiver of any protections provided by this Stipulated Confidentiality Order.

6.3    If either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is stamped or affixed to a hard drive or other type of portable electronic storage device storing multiple files, every file stored on that hard drive or other storage device shall be deemed so designated, and the absence of either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in each such file shall not constitute a waiver of any protections provided by this Stipulated Confidentiality Order.

6.4    Any item, thing, or object that cannot be categorized as a document or electronic storage shall be designated by either: (1) stamping or affixing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the item, thing, or object; or (2) by specifically identifying, in writing, the item, thing, or object and the designation if stamping or affixing a designation on or to the item, thing, or object is not reasonably feasible.

7.    <u>Manner of Designating Material From Any Third Party</u>.

7.1    When any Party seeks to designate any material produced by any person or entity other than the Designating Party, such designation shall be made:

      (a)    Within fifteen (15) business days from the date on which the Designating Party receives a copy of such material; and

      (b)    By written notice via at least email to all Parties to this action and the disclosing party identifying the material to be designated by production number or other similarly specific method of identification.

7.2    A Party shall be permitted to designate material disclosed or produced by a third party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only where:

      (a)    Such material was provided to or developed by such third party: (i) under a written confidentiality agreement with the Designating Party; or (ii) within a relationship with the Designating Party (or a party operating under the Designating Party's control) in which confidentiality is imposed by law; and

      (b)    The material disclosed or produced would warrant designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under Section 2 and its subsections above if it were in the Designating Party's possession.

8.    <u>Manner of Designating Deposition Transcripts</u>.

8.1    Deposition transcripts and/or portions thereof taken in this action may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the deposition or after, in which case the portion of the transcript containing Designated Material shall be identified in the transcript by the court reporter as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Any designated portion of a transcript shall be bound in a separate volume and marked by the reporter accordingly.

8.2    When testimony is designated during any deposition, the Designating Party shall have the right to exclude, at those portions of the deposition, all

persons not authorized by this Stipulated Confidentiality Order to receive such Designated Material or information contained therein.

   8.3 Within thirty (30) days after certification of a deposition transcript by a court reporter, any Party may designate portions thereof and/or related exhibits as Designated Material.  During this thirty (30) day period, the transcript in its entirety shall be treated as "CONFIDENTIAL" unless previously designated as "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY."  Any Party seeking to designate any portion of a deposition transcript during this period shall provide written notice of such designation to all Parties within the thirty (30) day period unless such designation was made during the deposition.

   8.4 Designation of any deposition transcript and/or related exhibits may be made by written identification of the page and line or by underlining and marking the designated portions "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY" and providing such marked portions to counsel for all Parties.

   9. <u>Duty Upon Notice of Any Designation</u>.  All persons receiving notice of any designation shall immediately upon receipt of such notice:  (1) make no further disclosure of the noticed Designated Material or information contained therein except as allowed by the terms of this Stipulated Confidentiality Order; (2) take reasonable steps to notify any persons known to have possession of or access to such Designated Material of the effect of the noticed designation; and (3) if any noticed Designated Material was disclosed to any person or entity other than those entitled to such Designated Material under this Stipulated Confidentiality Order prior to receipt of the notice, the Party

responsible for the disclosure shall immediately inform the Designating Party in writing of all pertinent facts relating to the disclosure and make every effort to prevent further disclosure by any unauthorized person or entity.

10. Copies. All complete or partial copies of any Designated Material shall be subject to the terms of this Stipulated Confidentiality Order.

11. Disclosure of Designated Material to or Before the Court.

11.1 Subject to Section 11 and its subsections, Designated Material may be disclosed to the Court, Court officials, employees of the Court involved in this action, the jury in this action, and/or any interpreters working on behalf of any Party or deponent in this action.

11.2 Designated Material Filed With the Court. To the extent that any materials subject to this Stipulated Confidentiality Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, shall be filed under seal by the filing Party with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Designated Material to be filed shall be marked either "CONFIDENTIAL-INFORMATION SUBJECT TO PROECTIVE ORDER" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY-INFORMATION SUBJECT TO PROTECTIVE ORDER." The Interim Sealing Motion shall be governed by L.R. 105.11. Even if the filing Party believes that the materials subject to the

Stipulated Confidentiality Order are not properly classified as Designated Material, the filing Party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing Party's rights to challenge the designation pursuant to Section 12 of this Stipulated Confidentiality Order.

   11.3 If a Party fails to file under seal any material that another Party believes in good faith had been previously designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Party seeking to designate the material may, within four (4) days of service of the original filing, move the Court to file the material under seal.  Notice of such designation shall be provided to all Parties by the Designating Party.

   11.4 Nothing in this Stipulated Confidentiality Order relieves a Party of liability for damages caused by failure to properly file Designated Material under seal in accordance with the Local Rules.

   11.5 <u>Return of Designated</u> Material.  At the conclusion of the litigation, all material treated as confidential under this Stipulated Confidentiality Order and not received in evidence shall be returned to the originating Party.  If the Parties so stipulate, the material may be destroyed instead of being returned.  The Clerk of the Court may return to counsel for the Parties, or destroy, any sealed material at the end of the litigation, including any appeals.

   11.6 Neither this Stipulated Confidentiality Order nor the filing of any material under seal shall prevent the use of Designated Material by any Party in open court, depositions, at any hearing, or at trial of this case provided that:

     (a) In a deposition, the Party using Designated Material must request that persons not qualified to receive Designated

       Material under this Stipulated Confidentiality Order be excluded from the portions of the deposition during which Designated Material is used;

  (b) During a trial, the Party using Designated Material must request that the portion of the proceeding where it makes such use be conducted so as to exclude persons not qualified to receive the Designated Material.  All designations or markings placed pursuant to this Stipulated Confidentiality Order shall be removed from any material used at trial as an exhibit in this case.  The removal of designations and markings for use at trial shall not change the treatment of such Designated Material.  At the request of any Party, the Parties shall meet and confer to discuss the use and protection of Designated Material in open court.  Prior to the pretrial conference, the Parties shall meet and confer to discuss appropriate methods for dealing with Designated Material at trial.

12. <u>Challenging Designations</u>.

12.1 A Party or third party (the "Challenging Party") may challenge a designation in accordance with the procedures of this Section 12.

12.2 The Challenging Party shall initiate any challenge by providing written notice of each designation it challenges to the Designating Party and describing in detail the basis for each challenge.  The written notice must state that it is made in accordance with this subsection.  After receipt of written notice from the Challenging Party, the Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly through voice to voice dialogue within fourteen (14) days of service of notice of a challenge.  The Challenging Party must explain its basis for the challenge of any designation and provide the Designating Party an opportunity to review the relevant Designated Material, reconsider the circumstances, and either amend or remove its designation or explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process, described in Section 12.3

13

below, only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in a timely manner.

    12.3    If the Parties cannot resolve a challenge to a designation without Court intervention, the Challenging Party shall file and serve a motion to challenge the designation. Each such motion filed by a Challenging Party must be accompanied by a competent declaration affirming that it has complied with the meet-and-confer requirements described in Section 12.2 above. The burden of persuasion in any challenge proceeding shall be on the Party asserting the confidentiality designation. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.

    13.    <u>Client Communication</u>. Nothing in this Stipulated Confidentiality Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon examination of Designated Material and a general description of the content of the Designated Material, provided that shall not disclose the specifics of any Designated Material or information therein or information the counsel reasonably believes to be considered confidential by the Designating Party, except as permitted by this Stipulated Confidentiality Order.

    14.    <u>No Prejudice</u>.

    14.1    This Stipulated Confidentiality Order shall not diminish any existing obligation or right with respect to the Designated Material or prevent a disclosure to which the Designating Party previously consented in writing.

    14.2    Unless otherwise stipulated by the Parties or ordered by the Court, evidence of the existence or nonexistence of a designation under this Stipulated

Confidentiality Order shall not be admissible for any purpose during any proceeding on the merits of this action.

15. <u>Clawback Allowed</u>.

15.1 If any Party or third party required to produce or disclose material in this action contends that it inadvertently produced any Designated Material without properly marking it or providing notice in accordance with this Stipulated Confidentiality Order, the party may give written notice to any Party or third party in receipt of the inadvertently disclosed material with appropriately marked substitute copies of the material. If the Parties collectively agree to replacement of the material with properly marked Designated Material, the material will be so designated. The parties in receipt of any inadvertently produced or disclosed material will return or certify the destruction of all unmarked copies of such material within five (5) business days of receipt of the properly marked substitute copies. If the Parties do not agree to replacement of the inadvertently produced or disclosed material with properly marked Designated Material, the disclosing or producing Party shall comply with the provisions of the *Stipulated Order Regarding Non-Waiver of Attorney-Client Privilege and Work Product Protection* as agreed to by the Parties and entered by the Court.

15.2 Any inadvertent production or disclosure of material containing privileged information shall not be deemed a waiver of the attorney-client privilege, work product doctrine, or any other applicable privilege. All Parties reserve the right to demand the return of any privileged documents inadvertently produced or disclosed. After receiving written notice of any inadvertent production or disclosure of any

15

privileged material, the receiving Party shall make reasonable good faith efforts to locate and return such material to the producing or disclosing Party.

16. <u>Modification and Survival</u>.

16.1 The Parties reserve the right to seek modification of this Stipulated Confidentiality Order at any time for good cause. The Parties agree to meet and confer prior to seeking any modification for any reason. The restrictions imposed herein may only be modified or terminated by written stipulation of all Parties or by order of this Court. Parties entering into this Stipulated Confidentiality Order will not be deemed to have waived any rights to seek later amendment of this Stipulated Confidentiality Order.

16.2 This Stipulated Confidentiality Order shall survive termination of this action prior to trial. Upon final termination of the action prior to trial and at the written request of the Designating Party, all Designated Material aside from copies in the possession of the Court or Court personnel, shall be returned to counsel for the Designating Party, or, at the Designating Party's option, destroyed. Upon request for the return or destruction of Designated Material, counsel shall certify his or her compliance with this provision and shall serve such written certification to counsel for the Designating Party not more than ninety (90) days after receipt of the Designating Party's written request to return or destroy Designated Material.

17. <u>Court's Rentention of Jurisdiction</u>. The Court retains jurisdiction after termination of this action prior to trial to enforce this Stipulated Confidentiality Order.

18. <u>Exception for Public Information</u>. Nothing in this Stipulated Confidentiality Order shall restrict the use of material or information that is lawfully obtained or publicly available outside of discovery in this action without regard to

whether material or information has been designated by a Party. A Party claiming independent acquisition of Designated Material shall bear the burden of proving independent acquisition.

## STIPULATION

IT IS HEREBY STIPULATED by and among the Parties through their respective counsel with this Honorable Court's consent, that the foregoing Stipulated Confidentiality Order may be entered in this action.

SO STIPULATED.

Dated:  May 10, 2018

/s/ *John P. Lynch*
John P. Lynch
McNamee, Hosea, Jernigan, Kim,
Greenan & Lynch, P.A.
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
Phone: 301.441.2420
Fax: 301.982.9450
jlynch@mhlawyers.com
*Attorneys for Defendants*

*/s/ John Di Giacomo*
John Di Giacomo
Pro Hac Vice
Revision Legal, PLLC
444 Cass St., Suite D
Traverse City, MI 49684
Phone: 231.714.0100
Fax: 231.714.0200
john@revisionlegal.com
*Attorneys for Defendants*

*/s/ Billy B. Ruhling, II*
Billy B Ruhling , II
Cecil E. Key
DiMuroGinsberg PC
1101 King Street

          Suite 600
          Alexandria, VA 22314
          Phone: 703.684.4333
          Fax: 703.548.3181
          bruhling@dimuro.com
          ckey@dimuro.com
          *Attorneys for Plaintiff/Counter-Defendants*

          _____
          UNITED STATES DISTRICT JUDGE

**Schedule A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

ROYALTYSTAT, LLC,
a Maryland limited liability company,

    Plaintiff and Counter-Defendant,        Case No.: 8:15-cv-03940-GJH

        v.        Hon. Paula Xinis

INTANGIBLESPRING, INC.,
a Panamanian corporation,

and

RAUL PACHECO QUINTANILLA,
a resident of the United Mexican States,

    Defendants and Counter-Plaintiffs,

        v.

EDNALDO SILVA,
a resident of the State of Maryland,

    Counter-Defendant.

---

**CERTIFICATE OF REVIEW OF AND AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER**

    The undersigned hereby acknowledges that he or she has read the STIPULATED CONFIDENTIALITY ORDER entered in the above captioned case, and that he or she fully understands and agrees to abide by the obligations and conditions thereof.

Date: _____

                                                _____
                                                (Signature)

                                                _____
                                                (Print Name)