REVISION / LEGAL

444 Cass Street, STE D, Traverse City, MI 49684
855.473.8474 / revisionlegal.com

August 31, 2018

Hon. Paula Xinis
United States District Court
District of Maryland

VIA ECF

RE: *RoyaltyStat LLC v IntangibleSpring Corp et al*
Case No. 15-3940
Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint

I represent the Defendants in this matter and submit this letter pleading consistent with this Court's August 28, 2018 Letter Order (ECF No. 97).

This Court should deny Plaintiff's Motion for Leave to File its Second Amended Complaint because the amendment would greatly expand the issues before the Court. Specifically, the copyright question would change from "was 'text' infringed to "whether the 'selection, coordination, and arrangement' was infringed." This would equally apply to the potential defenses (public records, copyrightable subject matter, etc). Plaintiff could have avoided this late change at the outset of this litigation but failed to do so.

Plaintiff filed its original complaint on December 23, 2015. The Complaint alleged that Defendants infringed the material subject to Plaintiff's '781 Registration and the material subject to a pending copyright application referred to as the "Royalty Tableau Application." ECF No. 1, Compl. at ¶ 46. Plaintiff alleged these two copyrights protect "the selection, coordination and arrangement involved in choosing material and data for inclusion in the database; classifying, categorizing, ordering, or grouping the material and data; and determining the placement and arrangement of material and data within the database as a whole; and [Plaintiff's] original authorship, such as original textual content, that appears within the database." *Id*. at 44.

Defendants moved to dismiss these claims because Plaintiff's '781 Registration was limited to the "text," rather than the "selection, coordination, and arrangement of data." ECF No. 49, p.14-18. This Court agreed that Plaintiff's '781 Registration (ECF No.

1 at Exhibit C) was limited to text. ECF No. 52, p.5 ("Defendants correctly note that the '781 Registration solely asserts copyrights in 'text'"); See also ECF No. 52 at n.1 (noting Plaintiff's '781 Registration failed to comply with the Copyright Compendium's requirements for registration for the selection, coordination, and arrangement of material in a database). However, this Court denied Defendants' Motion to Dismiss because Plaintiff alleged that Defendants also copied content "verbatim from [Plaintiff]." *Id.* at p.5. As a result, Plaintiff's claims are currently limited to the "text" that is subject to the '781 Registration. But the proposed Second Amended Complaint would, at least attempt, to change that.

Plaintiff's Proposed Second Amended Complaint replaces the pending application for registration of the "Royalty Tableau Application" with its now matured registration, the '811 Registration. This registration makes a claim to the "selection, coordination, and arrangement of data, original text." ECF No. 95 Exhibit F, attached as <u>Exhibit 1</u>, "Royalty Tableau Application."

Plaintiff claims it was unable to control the timing of the Copyright Office's actions, but that is not true. Plaintiff filed the application for what became the '811 Registration on December 21, 2015, or <u>two days before filing its original complaint</u>. The Copyright Office gives a party facing imminent litigation an option to expedite its application for $800. <u>Exhibit 2</u>, Copyright Circular 10. Plaintiff chose to forego this minor cost which, almost 36 months later, has prompted this motion practice.

Plaintiff's decision to forego an expedited application and bring in seemingly different claims creates substantial discovery burdens at this point in the litigation. Discovery closes in approximately 60 days (October 29, 2018 – ECF No. 97). And instead of the limited claims subject to '781 Registration's text, discovery will need to be conducted on the content subject to the '811 Registration, found at <u>Exhibit 1</u>. This includes an analysis of all potential defenses.

Further, there are inherent problems with the '811 Registration and its conflict with the '781 Registration. Specifically, the '811 Registration claims to include the material subject to the '781 Registration and excludes that information from the '811 Registration.[1] This creates an unworkable situation in which the '811 Registration claims be a part of the '781 Registration, yet the two contain drastically different claims to authorship. This will likely necessitate further motion practice and discovery to determine exactly what is even protected by the '811 Registration. Again, this could have been

---

[1] Plaintiff claims that the '811 Registration includes "new compilation of data, original text."

addressed in December 2015 when Plaintiff filed the application for the '811 Registration and the original complaint. There was no reason to wait until August 2018 to sort these issues out. This creates an undue prejudice for Defendants' preparation and ability to respond.

Finally, leave should be denied because the Proposed Second Amended Complaint lacks factual support for its claims. The amendment related to the '811 Registration attempts to include claims for copyright infringement of "the selection, coordination and arrangement involved in choosing material and data for inclusion in the database; classifying, categorizing, ordering, or grouping the material and data; and determining the placement and arrangement of material and data within the database as a whole." But the Proposed Second Amended Complaint fails to plead sufficient facts in support. The only allegation regarding the selection or coordination of content is in ¶ 44 of the Proposed Second Amended Complaint. This formulaic recitation is insufficient. *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 555 (2007).

Sincerely,
/s/ John Di Giacomo
John Di Giacomo

C:   All Counsel of Record via ECF

## Certificate of Service

The undersigned certifies that the foregoing letter pleading was filed via ECF on August 31, 2018 and provided notice to all attorneys of record.

/s/ John Di Giacomo
John Di Giacomo