

444 Cass Street, STE D, Traverse City, MI 49684
855.473.8474 / revisionlegal.com

October 8, 2018

VIA ECF ONLY
Hon. Paula Xinis
United States District Court for the District of Maryland
6500 Cherrywood Lane, Suite 400
Greenbelt, Maryland 20770

RE:   RoyaltyStat, LLC v. IntangibleSpring Corp. v. Silva, 15-cv-3940-GJH; Request for Conference

Dear Judge Xinis:

Counsel for Defendants IntangibleSpring Corp. and Raul Pacheco hereby request a conference to discuss outstanding discovery issues between the parties that have been unable to be resolved through the agreement or good faith negotiations of counsel. Each area of dispute is outlined below.

1. **Database Protocols.** The parties have agreed to disclose their respective databases for review and inspection by attorneys and expert witnesses under an "attorneys' eyes only designation." To do so, the parties have agreed to utilize a third-party provider to take deposit of the parties' respective databases and to limit access to those databases by unauthorized third parties. The parties disagree, however, whether attorneys and experts should be able to access the databases via remote means or whether the inspection of the databases should be limited to an on-site inspection only. Since lead counsel for IntangibleSpring is located outside of the State of Maryland, and because the databases are already located on cloud servers, IntangibleSpring has requested that the databases be made available remotely because limiting access to on-site inspection would substantially increase discovery costs for IntangibleSpring without providing any additional level of safety to either party. RoyaltyStat, however, disagrees, and maintains that only on-site inspection is proper.

The parties also disagree on the scope of their production. IntangibleSpring has agreed to provide access to its full, current license agreements database. RoyaltyStat, however, is only willing to produce portions of its database through September 23, 2011, which is the date on which Mr. Pacheco was terminated. In the parties' meet and confer, counsel for IntangibleSpring stated that IntangibleSpring would agree to this proposal if RoyaltyStat would limit its claims for copyright infringement and trade secret misappropriation to the records contained within its database as of September 23, 2011. RoyaltyStat, however, is not willing to limit its claims. Under RoyaltyStat's proposal, IntangibleSpring would be unable to rebut RoyaltyStat's claims of infringement to the extent they relate to information within its database after September 23, 2011 because its attorneys and expert would be unable to examine that information.

2. **Trade Secret Statement.** The parties also disagree on whether RoyaltyStat must be required to provide specific identification of its trade secrets prior to IntangibleSpring's disclosure of its database. Such a statement is customary in trade secret cases and is required in most jurisdictions. *See Leucadia Inc. v. Applied Extrusion Techs., Inc.*, 755 F. Supp. 635, 637 (D. Del. 1991) "As both this Court and the Delaware Court of Chancery have recognized, disclosure of plaintiff's trade secrets prior to discovery of defendant may be necessary to enable the defendant and ultimately the Court to ascertain the relevance of plaintiff's discovery."); *see also Ikon Office Sols., Inc. v. Konica Minolta Bus. Sols. U.S.A., Inc.*, No. 3:08-CV-539-RLV-DCK, 2009 WL 4429156, at *4 (W.D.N.C. Nov. 25, 2009); *Morgardshammar, Inc. v. Dynamic Mill Servs. Corp.*, No. 3:09-CV-379-RJC-DCK, 2009 WL 10685154, at *2 (W.D.N.C. Nov. 19, 2009 ("To the extent the Defendants ask for identification of the trade secrets at issue, '[o]rdering the listing of trade secrets at the outset of the litigation is a common requirement.'") (*citing Porous Media Corp. v. Midland Brake, Inc.*, 187 F.R.D. 598, 599-600 (D. Minn. 1999)). California maintains a strict statutory requirement for a trade secret statement. See Cal. Civ Code § 2019.210 (requiring the plaintiff to provide a disclosure statement identifying the trade secret(s) at issue with "reasonable particularity."). The purpose underlying this requirement is that the tactical advantages given to a plaintiff from non-identification "are too tempting for a plaintiff to voluntarily provide such identification. In a typical case, the plaintiff has filed suit against a recently departed employee who joined or started a competing business, and then provide little more than a list of high-level, generic categories in which its trade secrets are said to reside." Charles Tait Graves

& Brian D. Range, *Identification of Trade Secret Claims in Litigation: Solutions for a Ubiquitous Dispute*, 5 Nw. J. Tech. & Intell. Prop. 68 (2006).

Plaintiff asserts that it does not need to provide a trade secret statement because the parties' respective experts will examine the parties' databases and create a factual statement about their similarities that may then be used to determine which, if any, trade secrets have been misappropriated. This, however, is an inappropriate and inaccurate statement of the law. The purpose of defining a trade secret statement at the outset is to ensure that the ball does not move throughout litigation and that both parties are aware of the item or items that are claimed to be protected. If Plaintiff's position is accepted, then Defendants will be left at a substantial disadvantage because they will be unable to attack Plaintiff's claims of protection on a motion for summary judgment because they do not know what to look for. Further, if Plaintiff's description of its trade secrets changes after the databases have been examined, Defendants will be put at a disadvantage because they will not have an opportunity to gather more evidence to rebut or attack Plaintiff's ever-moving definition of its trade secrets.

3. **Production and Identification of Employees and Independent Contractors of RoyaltyStat.** Throughout discovery Defendants have requested that Plaintiff produce a list of the independent contractors and employees of RoyaltyStat throughout the relevant time period, including their positions and dates of employment/contract and termination. Defendants have requested this information because they seek to tie RoyaltyStat to a timeline of who worked, when they worked, and what they worked on because one of the primary facts in dispute is whether RoyaltyStat has adequate copyright or trade secret rights to maintain its claims and whether those rights were properly assigned to RoyaltyStat. To date, RoyaltyStat has been unwilling to provide this information.

Defendants respectfully requests that the Court hold a telephone conference with the parties to address and resolve these disputes.

Sincerely,

John Di Giacomo

Lead counsel for Defendants

/JPL/

John P. Lynch
Local counsel for Defendants