UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

ROYALTYSTAT, LLC,
a Maryland limited liability company,

    Plaintiff,

v.

INTANGIBLESPRING, INC.,
a Panamanian corporation,

and

RAUL PACHECO QUINTANILLA,
a resident of the United Mexican States,

    Defendants.

Case No.: 8:15-cv-03940-GJH

Hon. Paula Xinis

---

## DEFENDANTS' MOTION TO FILE UNDER SEAL

Defendants IntangibleSpring Corp. ("IntangibleSpring") and Raul Pacheco Quintanilla ("Pacheco") (collectively the "Defendants"), by and through their attorneys, Revision Legal, PLLC, and pursuant to Local Rule 105.11, move this Court to permit the Proposed Seal Record, as defined below, to be filed under seal, and states the following in support:

1. Plaintiff and Defendants are competitors. Both offer the public paid access to compilations of information that assists companies in valuing intangible assets, such as patents or trademarks.

2. Consistent with L.R. 13, the parties stipulated to a Confidentiality Order that (a) included a definition of confidentiality consistent with Fed. R. Civ. P. 26(c); (b) included a method for challenging designations of confidentiality with the burden remaining on the party seeking confidentiality to justify it under Rule 26(c); (c) a provision that whenever material subject to the confidentiality order (or any pleading, motion, or memorandum referring to them)

are proposed to be filed in the Court record under seal, the party making such filing must simultaneously submit a motion and accompany order; and (d) a provision permitting the Clerk to return to counsel or destroy any sealed material at the end of the litigation. ECF No. 79.

    3.    Defendants request that the following documents be filed under seal:

    a. Deposition testimony of Pacheco, pgs. 12-22, 38, 52-53, 55-56, 63-75, 150, 156, 162-165, **Exhibit A** to Defendants' Motion for Summary Judgment;

    b. Declaration of Raul Pacheco Quintanilla dated January 31, 2019, **Exhibit B** to Defendants' Motion for Summary Judgment;

    c. Deposition testimony of Marcia Mourao Coutinho, pgs.14-16, 20-26, 31-40, 49-51, 55-57, 69, **Exhibit D** to Defendants' Motion for Summary Judgment;

    d. Early Word Document, **Exhibit J** to Defendants' Motion for Summary Judgment;

    e. Deposition testimony of John Fendrick, 39-45, Exhibit K to Defendants' Motion for Summary Judgment;

    f. Deposition testimony of RoyaltyStat, pgs.6-10, 38-42, 45, 50-51, 65-69, 71-75, 79-87, 149-50, **Exhibit L** to Defendants' Motion for Summary Judgment;

    g. March 2, 2001 Email from Silva, **Exhibit P** to Defendants' Motion for Summary Judgment;

    h. January 21, 2001 Email from Pacheco and attachment, **Exhibit S** to Defendants' Motion for Summary Judgment;

    i. Deposition testimony of Linwood Smith, pg. 16, **Exhibit DD** to Defendants' Motion for Summary Judgment;

    j. Deposition testimony of IntangibleSpring, pgs. 21-26, 29, 31-52, **Exhibit NN** to Defendants' Motion for Summary Judgment;

k.  September 24, 2002 Email from Silva and Attachment, **Exhibit UU** to Defendants' Motion for Summary Judgment;

l.  RoyaltyRange Printout, **Exhibit YY** to Defendants' Motion for Summary Judgment;

m.  Haggerty Expert Report, **Exhibit ZZ** to Defendants' Motion for Summary Judgment;

n.  Deposition testimony of Fredrick Haggerty, pgs. 26, 80-83, **Exhibit AAA** to Defendants' Motion for Summary Judgment;

o.  January 25, 2001 Email from Coutinho and attachment, **Exhibit GGG** to Defendants' Motion for Summary Judgment;

p.  October 30, 2001 Email from Coutinho and attachment, **Exhibit HHH** to Defendants' Motion for Summary Judgment; and,

q.  Examples of Passwords, **Exhibit JJJ** to Defendants' Motion for Summary Judgment;

4. Collectively, the exhibits subject to this Motion in paragraph 3 subparts a through q are referred to as the "Proposed Sealed Record";

5. Sealing of the Proposed Sealed Record is proper because it contains proprietary information regarding RoyaltyStat and IntangibleSpring's business models, customers, and operations, the public disclosure of which could cause damage to the respective businesses competitive advantage in the marketplace. Specifically, several of these exhibits[1] contain actual portions of the data compilations the parties sell to the public. The cited depositions and

---

[1] **Exhibit J**, Early Word Document, **Exhibit P**, March 2, 2001 Email from Silva, **Exhibit S**, January 21, 2001 Email from Silva, **Exhibit UU**, September 24, 2002 Email from Silva and Attachment; **Exhibit GGG**, January 25, 2001 Email from Coutinho and attachment; **Exhibit HHH**, October 30, 2001 Email from Coutinho and attachment.

3

declaration[2] contains information relating to ==XXXX==. Defendants' expert report[3] consists of a statistical analysis of the content within the parties' compilations, detailed comparison of actual compilation data, compilation information from competitor Royalty Range. And the remaining exhibits within the Proposed Sealed Record contain detailed and actual information from the parties' competitor Royalty Range[4] and past passwords used to access RoyaltyStat's website.[5]

6. Alternatives to sealing the Proposed Sealed Record would not provide sufficient protection. The Exhibits cited in footnote 1 and 4 contain Microsoft Excel spreadsheets or other compilations of raw data used in connection with the parties' businesses that are not suitable for selective redaction. As to deposition testimony in footnote 2, Defendants have taken care to identify specific pages of deposition testimony to be sealed, rather than a blanket sealing of the entire transcripts. As to Defendants' Expert Report, cited in footnote 3, the report contains detailed factual states and a large amount of raw data such that selective redaction is not possible. Finally, the exhibit cited in footnote 5 contains a discussion regarding passwords and other information showing the free flow of information from Plaintiff, contrary to their trade secret claim, that selective redaction would not be as effective.

WHEREFORE, Defendants respectfully request this Honorable Court to GRANT their Motion to File Under Seal and enter the Proposed Order.

Dated: February 1, 2019                             *Attorneys for Defendants*

                                                    By:     /JPL/

---

[2] **Exhibits A**, Deposition of Pacheco, **Exhibit B**, Pacheco Declaration, **Exhibit D**, Deposition of Coutinho, **Exhibit K**, Deposition of Fendrick, **Exhibit L**, Deposition of RoyaltyStat, **Exhibit DD**, Deposition of Smith, **Exhibit NN**, Deposition of IntangibleSpring, **Exhibit AAA**, Deposition of Haggerty.

[3] **Exhibit ZZ**, to Defendants' Motion for Summary Judgment.

[4] **Exhibit YY**, RoyaltyRange Printout.

[5] **Exhibit JJJ**, Examples of Passwords.

      John P. Lynch
      MCNAMEE, HOSEA, JERNIGAN,
      KIM, GREENAN & LYNCH, P.A.
      6411 Ivy Lane, Suite 200
      Greenbelt, MD 20770
      Phone: 301.441.2420
      Fax: 301.982.9450
      jlynch@mhlawyers.com

By:   /JAD/
      John Di Giacomo
      REVISION LEGAL, PLLC
      444 Cass St., Suite D
      Traverse City, MI 49684
      john@revisionlegal.com
      Phone: (231) 714-0100
      Fax: (231) 714-0200

## **CERTIFICATE OF SERVICE**

  I hereby certify that on February 1, 2019, I electronically served Defendant's Motion to File Under Seal on counsel of record pursuant to stipulation of parties and at the following address:

Billy B. Ruhling II
DiMuro Ginsberg
PC 1101 King Street
Suite 600
Alexandria, VA 22314
703-684-4333
Fax: 703-548-3181
bruhling@dimuro.com

              By: ___/JAD/_____
              John Di Giacomo
              Revision Legal, PLLC
              444 Cass Street, Suite D
              Traverse City, MI 49684
              john@revisionlegal.com
              Phone: (231) 714-0100
              Fax (231) 714-0200