444 Cass Street, STE D, Traverse City, MI  49684
855.473.8474  /  revisionlegal.com

March 22, 2019

**VIA ECF ONLY**
Hon. Paula Xinis
United States District Court for the District of Maryland
6500 Cherrywood Lane, Suite 400
Greenbelt, Maryland 20770

RE:   *RoyaltyStat, LLC v. IntangibleSpring Corp. v. Silva*, 15-cv-3940-PX

Dear Judge Xinis:

      Defendants RoyaltyStat and Raul Pacheco's ("Defendants") undersigned counsel writes to address Plaintiff's March 20, 2019 letter to the Court. (Dkt. No. 146.) Although Defendants disagree with Plaintiff's position concerning Exhibit 4 to Dkt. 141 ("Exhibit 4"), Defendants are willing to exclude the legal opinion contained therein, namely, pages seven through thirteen. Defendants do not rely on the legal opinion portion of Exhibit 4 in their brief, Dkt. No. 141, at 15, and Defendants filed Exhibit 4 under seal. Plaintiff's primary concern cannot be the disclosure or improper use of allegedly privileged information. Plaintiff's real objection is that Defendants are in possession of allegedly privileged or protected documents that Plaintiff failed to disclose during discovery. As explained below, Plaintiff waived any privilege or protection now asserted when it disclosed the documents at issue to a third party in 2009.

      Plaintiff first raised concerns about Exhibit 4 in a March 13, 2019 email thirteen days after Plaintiff had actual knowledge of the document. Plaintiff asked that "Defendants return all copies of the document filed as Exhibit 4, retrieve Exhibit 4 from the Court, and expunge all reference to or reliance on Exhibit 4 from Defendants' pleading." Defendants responded in a March 15, 2019 email pointing out that Plaintiff had not produced a privilege log or acknowledged the existence of Exhibit 4 during discovery, and Plaintiff's disclosure of Exhibit 4 to Pacheco, an independent contractor living abroad and not bound by a duty of confidentiality waived any privilege Plaintiff now asserts. Plaintiff's counsel responded in a March 15, 2019 email stating "[t]he proper procedure is for Defendants to return the document over which privilege is sought and then challenge the designation with the Court if they so choose. Apparently, you are not going to do that, and we will so inform the Court." Defendants' counsel responded via email twenty minutes later offering to file such a motion. Plaintiff's counsel did not respond and instead filed its March 20, 2019 letter with the Court. (Dkt. No. 146.)

      After reviewing the letter Plaintiff's filed, Defendants' counsel offered to exclude the legal opinion portion of Exhibit 4 in a March 20, 2019 email. Plaintiff's counsel responded in a March 21, 2019 email inconsistently arguing that the offer to exclude the legal opinion in Exhibit 4 "is clearly insufficient" and that "Defendants could have

444 Cass Street, STE D, Traverse City, MI  49684
855.473.8474  /  revisionlegal.com

addressed the obvious solution to an obvious problem before [Plaintiff was] forced to expend the time and effort necessary to bring the matter to the Court's attention." Plaintiff's counsel did not acknowledge Defendants' March 15, 2019 offer to file a motion challenging Plaintiff's claim of privilege. If excluding the legal opinion in Exhibit 4 is "the obvious solution to an obvious problem," Plaintiff could have proposed it before asking for judicial intervention. In any case, Plaintiff should be satisfied by Defendants' offer to exclude the legal opinion portion of Exhibit 4.

      Plaintiff asserts that Exhibit 4, in its entirety, is protected from disclosure by the work product doctrine and attorney-client privilege. (Dkt. No. 146, at 1.) Plaintiff argues that the Stipulated Protective Order entered in the above-captioned action requires return of Exhibit 4 to Plaintiff. The full text of the relevant portion of the Stipulated Protective Order cited by Plaintiff states:

> [a]ny *inadvertent* production or disclosure of material containing privileged information shall not be deemed a waiver of the attorney-client privilege, work product doctrine, or any other applicable privilege. All Parties reserve the right to demand the return of any privileged documents *inadvertently* produced or disclosed. After receiving written notice of any *inadvertent* production or disclosure of any privileged material, the receiving Party shall make reasonable good faith efforts to locate and return such material to the producing or disclosing Party.

(emphasis added) (Dkt. No. 79, at 15-16.) In dereliction of its disclosure obligations, Plaintiff failed to produce Exhibit 4 during fact discovery. Neither did Plaintiff produce a privilege log as required by Rule 26(b)(5). Plaintiff did not *inadvertently* produce or disclose Exhibit 4. Because Plaintiff intentionally disclosed Exhibit 4 to Pacheco in 2009, the cited portion of the Stipulated Protective Order relied upon by Plaintiff does not control. With respect to the use of Exhibit 4 in Defendants' brief, there is no question that Defendants used Exhibit 4 intentionally.

      The content of Exhibit 4 demonstrates that Plaintiff *intentionally* provided Exhibit 4 to Pacheco in a May 12, 2009 email at 9:44 p.m. from Marcia Coutinho. A January 9, 2006 email from Ednaldo Silva of RoyaltyStat to several persons, including Pacheco, stated that "[Coutinho] is promoted to be RoyaltyStat's manager. She will coordinate and supervise the work of all interns and contractors responsible for updating the RoyaltyStat and EdgarStat databased." The email described Coutinho's duties as including "authority to hire and fire." A non-disclosure agreement identified by bates stamp INTANGIBLE174035 shows that Coutinho did not sign a non-disclosure agreement with RoyaltyStat until February 1, 2013, several years after she emailed Exhibit 4 to Pacheco in 2009. As Silva did in his January 9, 2006 email cited above, the record shows that

444 Cass Street, STE D, Traverse City, MI  49684
855.473.8474  /  revisionlegal.com

Silva consistently referred to Pacheco as an independent contractor, treated Pacheco as an independent contractor, and admitted that Plaintiff relied on independent contractors. (Dkt. No. 141, at 18.) Plaintiff's disclosure of the relevant documents to Pacheco, an independent contractor living abroad, waived any privilege or protection Plaintiff could have asserted.

"Any disclosure inconsistent with maintaining the confidential nature of the attorney-client relationship waives the attorney-client privilege. Any voluntary disclosure by the client to a third party waives the privilege not only as to the specific communication disclosed, but as to all other communications relating to the same subject matter." *U.S. v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982) (citation omitted). Rule 502(b), in the relevant part, states that "disclosure does not operate as a waiver in a Federal or State proceeding if:  (1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B)." *Maxtena, Inc. v. Marks*, 289 F.R.D. 427, 444 (D. Md. 2012) (citing Fed. R. Evid. 502(b)). "All three prongs of Rule 502(b) must be met in order to find that a disclosure of a privileged or protected document does not result in a waiver." *Maxtena*, 289 F.R.D. at 444 (citations omitted). "The party seeking the protection of Rule 502(b) bears the burden of proving that each of its elements have been met." *Id.* (citation omitted). "A detailed factual showing is necessary to establish the relationship between [a party asserting the privilege] and a third party that is sought to be included within the protection of the attorney-client privilege." *Flo Pac, LLC v. NuTech, LLC*, No. WDQ-09-510, 2010 WL 5125447, at *8 (D. Md. Dec. 9, 2010) (quoting *Energy Capital Corp.*, 45 Fed. Cl. 481, 492 (2000)). "Extending the attorney-client privilege to include independent contractors who work for the client, while not unprecedented, is somewhat unusual." *Energy Capital Corp.*, 45 Fed. Cl. at 492 (holding that a party asserting an attorney-client privilege as to documents disclosed to independent contractors failed to meet its burden of showing the documents shared with its agents were protected by the privilege). Plaintiff makes no argument that its 2009 disclosure of Exhibit 4 to Pacheco was inadvertent. (Dkt. No. 146.)

Assuming *arguendo* that Plaintiff could show that its 2009 disclosure of Exhibit 4 to Pacheco was inadvertent, Plaintiff cannot show that it took reasonable steps to prevent that disclosure. In *Maxtena*, the party arguing that disclosure of privileged or protected documents to an independent contractor that served as the party's chief financial officer did not result in a waiver relied on an engagement letter between the party and the independent contractor that required the independent contractor to notify the party when he received a subpoena before responding to it. 289 F.R.D. at 445. The court in *Maxtena* found that even disclosures to an independent contractor serving as the party's CFO waived the privilege despite the engagement letter. In this case, the only factual basis for Plaintiff's argument that Pacheco, an independent contractor living abroad, had a duty to keep Exhibit 4 confidential is the fact that Plaintiff sent Exhibit 4 to Pacheco at Pacheco's

444 Cass Street, STE D, Traverse City, MI  49684
855.473.8474  /  revisionlegal.com

RoyaltyStat email address. (Dkt. No. 146, at 1.) Plaintiff points to no engagement letter or agreement between Plaintiff and Pacheco establishing a duty of confidentiality. Pacheco owed no duty of confidentiality to Plaintiff when Plaintiff's intentional disclosure took place, and Plaintiff's manager who intentionally sent Exhibit 4 to Pacheco in 2009 did not sign a non-disclosure agreement with Plaintiff until 2013. Plaintiff's demand that "Defendants must explain in detail why Pacheco did not have a fiduciary duty to RoyaltyStat as its agent, regardless of Pacheco's title in 2009," Dkt. No. 146, at 3, misstates the law. As discussed above, Plaintiff, the party asserting a privilege and protection, bears the burden of proving each of the three elements described in Rule 502(b) of the Fed. R. Evid., and Plaintiff must make a detailed factual showing that a third party to whom allegedly privileged or protected documents were provided should be included within the protection of the attorney-client privilege.

Because Plaintiff intentionally disclosed Exhibit 4 to Pacheco in 2009 and did not take reasonable steps to prevent the disclosure of Exhibit 4, it cannot meet its burden of proving two of the three elements necessary to avoid a waiver of its claimed privilege and protection. Plaintiff has neither acknowledged that it bears the burden of proving the elements listed in Rule 502(b) of the Fed. R. Evid. nor attempted to make a detailed factual showing in support of its conclusory assertion that the relationship between Plaintiff and its former independent contractor, Pacheco, warrants the unusual extension of attorney-client privilege to documents it disclosed to Pacheco.

Although Plaintiff waived any privilege or protection it may have asserted as to Exhibit 4 when it disclosed the document to Pacheco, Defendants are willing to exclude the legal opinion portion of Exhibit 4 from the record. Defendants do not rely on the allegedly privileged portions of Exhibit 4 in their brief. (Dkt. No. 141, at 15.) Plaintiff's counsel has referred to this proposal as "the obvious solution to an obvious problem."

Defendants respectfully ask that the relief sought by Plaintiff be denied.

Respectfully submitted,

John Di Giacomo

JAD/ajd