IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | | |
|---|---|---|
| RoyaltyStat LLC, | | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| IntangibleSpring, Inc., | * | Case No.: 8:15-cv-03940-GJH |
| | * | |
| and | * | |
| | * | Hon. Paula Xinis |
| Raul Pacheco Quintanilla, | * | |
| | * | |
| Defendants. | | |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE *AD HOMINEM* ATTACKS ON DR. EDNALDO SILVA**

Pursuant to Federal Rule of Evidence 401, 402, and 403, Plaintiff RoyaltyStat LLC ("RoyaltyStat") hereby moves to exclude the introduction of testimony consisting of *ad hominem* attacks on Dr. Ednaldo Silva ("Silva") by Defendants IntangibleSpring, Inc. ("IntangibleSpring") and Raul Pacheco Quintanilla ("Pacheco") (collectively, "Defendants").

**Introduction**

RoyaltyStat was founded by Dr. Ednaldo Silva as the first royalty database on the market. *See* Dkt No. 157 (Mem. Op. Summ. J.) at 2. Shortly after his termination from RoyaltyStat, Pacheco founded IntangibleSpring in 2011. *Id.* at 3. IntangibleSpring maintains a database that directly competes with RoyaltyStat and is very similar in its style, design, and business objectives—to provide easily accessible royalty information for paid subscribers. *Id.* Plaintiff has sued Defendants for copyright infringement, false advertising, and trademark misappropriation. When Plaintiff deposed Defendants, Pacheco was evidently at times more interested in painting

the founder of RoyaltyStat, and a non-party to this lawsuit, Dr. Silva in a bad light than in answering the questions posed. Plaintiff seeks to exclude these irrelevant, *ad hominem* attacks on Dr. Silva under Federal Rules of Evidence 401 and 403 because the accusations, even if they were true, do not go to any claim or defense, and because they are unfairly prejudicial especially in light of their total lack of any probative value.

## Argument

Raul Pacheco was deposed on August 30, 2018, in his individual capacity and as a corporate representative as the founder of IntangibleSpring. Pacheco and Dr. Silva have a long personal history dating back over 20 years; that relationship is based on Dr. Silva's relationship with Pacheco's father. Dkt. 157 at 2; Dkt. 110-4, Pacheco Dep. at 52:18-53:9. They were close, Pacheco even lived with Dr. Silva for a period of time, until Dr. Silva discovered that Pacheco was stealing from his company and had to fire him. Dkt. 110-4, at 54:11-55:4; Dkt. 113-1, Silva Dep. at 188:2-6. Having once been very close friends, and having now had a messy falling out, there is no love lost between these two today, a fact which was made eminently clear during Pacheco's deposition.

During his deposition, Pacheco made various unprompted *ad hominem* attacks against Dr. Silva, a non-party to this litigation. It is clear based on the nature of these attacks that Pacheco was attempting to paint Dr. Silva in a poor light as a person of questionable morals. For instance, he accused Dr. Silva of being known as "Lying Ed," (Dkt. 110-4, at 70, 71, 115), he accused him of only wanting to hire "pretty girls" and "pretty interns," (*id*. at 98, 130, 131), and he accused him of drinking a lot of bottles of wine for instance instead of working, (*id*. at 130, 161). To the extent Pacheco intends to testify in this manner at trial, these statements should be excluded as irrelevant and unfairly prejudicial. Fed. R. Civ. P. 401, 402, 403.

To be admissible, evidence must have a tendency to make a fact that is of consequence in determining the action more or less probable than it would be without the evidence. Fed. R. Evid. 401, 402. Even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. As the Fourth Circuit has noted, considerations of potential confusion of the jury through the introduction of evidence not directly related to the controversy before it adequately justifies an exercise of a trial judge's discretion in favor of exclusion. *Daskarolis v. Firestone Tire & Rubber Co.*, 651 F.2d 937, 940 (4th Cir. 1981); *see also Atkinson Warehousing & Distribution, Inc. v. Ecolab, Inc.*, 99 F. Supp. 2d 665, 667 (D. Md. 2000) (finding in breach of contract case that "the probative value of Nash's accusations is minimal because they would offer little insight into whether Atkinson could manage a warehousing business. The testimony in question is only marginally relevant to issues in this case, and its introduction would unfairly prejudice plaintiff. Accordingly, testimony regarding the theft or mishandling by Atkinson of Ecolab inventory must be excluded under Rule 403.")

Here, Pacheco's testimony is both irrelevant and unfairly prejudicial. First, Dr. Silva is not a party to this litigation and his character is not on trial—it is of no consequence in determining this action. Second, further evidencing the fact that Dr. Silva's character is irrelevant to the assessment of RoyaltyStat's objective intellectual property claims, these claims have already survived two motions to dismiss and a motion for summary judgment. Salacious attacks are merely a smokescreen disguising the actual legal issues at play and ultimately distracting and misdirecting the jury. This line of testimony would not help the jury determine the relevant issues of copyrightability, infringement, and trade secret protection. Third, testimony about alleged names

Pacheco or other people might have called Dr. Silva, or Dr. Silva's alleged views on women, or his alleged alcohol consumption are not only irrelevant but they are unfairly prejudicial character attacks against a non-party.  Fourth, the prejudice created by this testimony is especially so in light of the fact that these statements have absolutely no bearing on any issue relevant to this case.  Even if Pacheco's character statements about non-party Dr. Silva were true, they are irrelevant and none of them go to any claim or defense raised by any party in this lawsuit.  These irrelevant, *ad hominem* attacks against Dr. Silva are unfairly prejudicial especially in light of their total lack of any probative value or tendency to make any fact of consequence in determining this action more or less probable.  To the extend Pacheco intends to testify on these matters, his testimony should be excluded under Fed. R. Civ. P. 401, 402, and 403.

## Conclusion

For the foregoing reasons, Plaintiff requests that this court preclude the introduction of testimony consisting of irrelevant, *ad hominem* attacks against Dr. Ednaldo Silva.  This testimony, even if it were true, does not go to any claim or defense.  The *ad hominem* attacks against Dr. Silva are unfairly prejudicial especially in light of their total lack of any probative value and, therefore, Plaintiff requests that this Court exclude them from trial under Federal Rules of Evidence 401 and 403.

Dated: July 6, 2020                           Respectfully submitted,

                                                               /s/*Billy B. Ruhling, II*
Billy B. Ruhling, II (Fed. Bar No. 17827)
Cecil Key (Admitted *Pro Hac Vice*)
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA 22314
Tel: 703-684-4333
Fax: 703-548-3181
bruhling@dimuro.com
*Counsel for RoyaltyStat LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 6, 2020, a true and correct copy of the foregoing was electronically filed using the Court's CM/ECF system, which will automatically serve the following counsel of record:

John P. Lynch
McNamee, Hosea, Jernigan, Kim,
   Greenan & Lynch, P.S.
6411 Ivy Lane, Suite 200
Greenbelt, MD  20770
Tel: 301-441-2420
Fax: 301-982-9450
Email: jlynch@mhlawyers.com

John Anthony Di Giacomo
Revision Legal, PLLC
444 Cass St., Suite D
Traverse City, MI  49684
Tel: 231-714-0100
Fax: 231-714-0200
Email: john@revisionlegal.com

                                                  */s/ Billy B. Ruhling, II*
Billy B. Ruhling, II (Fed. Bar No. 17827)