IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | | |
|---|---|---|
| RoyaltyStat LLC, | | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| IntangibleSpring, Inc., | * | Case No.: 8:15-cv-03940-GJH |
| | * | |
| and | * | |
| | * | Hon. Paula Xinis |
| Raul Pacheco Quintanilla, | * | |
| | * | |
| Defendants. | | |

### **PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE ROYALTYRANGE EVIDENCE**

Pursuant to Fed. R. Civ. P. 26 and 37 and Federal Rule of Evidence 403, Plaintiff RoyaltyStat LLC ("RoyaltyStat") hereby moves to exclude the introduction of evidence and testimony concerning third party RoyaltyRange by Defendants IntangibleSpring, Inc. ("IntangibleSpring") and Raul Pacheco Quintanilla ("Pacheco") (collectively, "Defendants").

### **Introduction**

RoyaltyStat was the first royalty database on the market. *See* Dkt No. 157 (Mem. Op. Summ. J.) at 2. Shortly after his termination from RoyaltyStat, Pacheco founded IntangibleSpring in 2011. *Id.* at 3. IntangibleSpring maintains a database that directly competes with RoyaltyStat. *Id.* The two databases are similar in style, design, and business objectives—to provide easily accessible royalty information for paid subscribers. *Id.* Defendants' conduct constitutes copyright infringement, false advertising, and trademark misappropriation.

RoyaltyRange is a third-party database. Without any factual support, Defendants attempt to present RoyaltyRange as an appropriate comparator in their defense to, for instance, establish

industry standards as a defense to infringement and copyrightability, or to establish general knowledge to dispute trade secret protection. However, introduction of such evidence will only serve to confuse and prejudice the jury because Defendants' chosen evidence is unreliable, incomplete, and unauthenticated. For example, Defendants' expert Frederick Haggerty intends to opine on issues of infringement and copyrightability based in part on a RoyaltyRange report about which he can provide no information, including how the purported records were obtained or chosen for review.

Furthermore, the underlying documents were not separately produced to Plaintiff and were improperly withheld by Defendants until well after the close of discovery. During discovery, Plaintiff expressly requested production of "[a]ny market research or analysis regarding competitors in your market, including ktMine, **RoyaltyRange**, and RoyaltyStat." Exhibit 1, *Defendant IntangibleSpring, Inc's Responses to Plaintiff's Third Set of Requests for Production of Documents and Things*, at 6, Req. 22 (emphasis added). Defendants categorically responded that "no such documents exist." Ex. 1 at 6, Response to Req. 22. Well after discovery closed, Defendants produced the RoyaltyRange documents with their expert's report and have sought to rely on them since then. Exhibit 2 (email showing Defendants had possession of the RoyaltyRange documents as early as 2015); Dkt. 125-2, ¶ 96 (identifying RoyaltyRange data "provided to [Defendants] … when asked for a trial of their product"); Exhibit 3 (notifications showing that the RoyaltyRange documents were not produced to Plaintiff until January 2019, after October 29, 2018 close of fact discovery). Plaintiff was therefore denied the opportunity to explore the provenance of documents improperly withheld and belatedly relied on by Defendants after discovery was closed.

Accordingly, Plaintiff requests that this Court exclude evidence pertaining to

RoyaltyRange under Fed Rule of Evidence 403 and Federal Rule of Civil Procedure 26 and 37(c)(1) because (1) the underlying data is unreliable, unauthenticated, misleading, and prejudicial and (2) Defendants withheld the information for years without justification and did not produce it until after the close of discovery further prejudicing Plaintiff.

**Argument**

**1. Defendants' RoyaltyRange evidence is unreliable and incomplete and therefore its probative value is substantially outweighed by the danger that it will mislead the jury and unfairly prejudice Plaintiff.**

Fed. R. Evid. 403 permits courts to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The RoyaltyRange report and evidence should be excluded because they are not reliable and lack foundation and authentication which in this context renders them misleading and unfairly prejudicial. No certification or affidavit demonstrating authenticity or providing details about the extraction of the information accompanied the reports. Yet, other than the expert report, which was disclosed after discovery had concluded and which provides little information about the records and evidence, no information regarding RoyaltyRange was produced by Defendants apart from Pacheco's post-discovery statement that RoyaltyRange provided data he requested in 2015.[1] *See* Dkt. 125-2, ¶ 96; Dkt. 125-51 (dated 5/29/2015). Without proper authentication and

---

[1] Haggerty's RoyaltyRange evidence is unreliable. He knows nothing about the evidence other than that limited reports were requested from RoyaltyRange and given to him by Pacheco. He did not obtain the reports himself, nor could he identify the person who did obtain the report. Ex. 15 to Dkt. No. 135 (Deposition of Frederick Haggerty (Jan. 16, 2019)) ("Haggerty Dep.") at 42:11-46:5, 54:15-56:17. He did not choose RoyaltyRange or perform any analysis to qualify it as an alleged competitor or comparator, he did not choose the reports to be requested, and he did not choose the criteria for those reports. Haggerty Dep. at 42:11-46:5, 54:15-56:17. At no time did he consider the databases of any other third parties or compare the data of any third party other than RoyaltyRange. *See generally* Exhibit ZZ to Dkt. No. 125 ("Frederick Haggerty Expert

foundation, these records are inadmissible, and, even if they were not, they are incomplete and unreliable rendering them unfairly prejudicial and lacking in any probative value.

For example, without sufficient foundational evidence RoyaltyRange could just be another infringer. When considering industry norms or originality, information about the background and creation of a purported competitor such as RoyaltyRange is particularly important. "This is particularly true where RoyaltyStat produced the first database in the industry, raising questions about whether industry norms surrounding such databases were in existence at the time of RoyaltyStat's database creation." *See* Dkt. 157 at 10. Defendants cannot establish that RoyaltyRange was in existence at the time of RoyaltyStat's database creation. Unless Defendants can establish when the RoyaltyRange database was created, especially that it was created before RoyaltyStat, they cannot argue that it is probative of similarity because RoyaltyRange may have also copied from RoyaltyStat. The probative value, if any, of the RoyaltyRange information is outweighed by its potential to confuse the jury. Also, RoyaltyStat was deprived of the opportunity for discovery to establish necessary facts, so the probative value of the RoyaltyRange documents is outweighed by the unfair prejudice to RoyaltyStat.

Furthermore, the RoyaltyRange report is incomplete and therefore its probative value is substantially outweighed by the risk of prejudice. On the available record, all that can be known about RoyaltyRange's database is that it contains data from some of the same agreements as RoyaltyStat's and uses some of the same fields. This says nothing, for example, about the overall content of RoyaltyRange's dataset or how that overall content compares to the RoyaltyStat curated data misappropriated by Defendants. The evidence is insufficient for a jury to reasonably conclude

---

Report"). He does not even know who the competitors in the industry are or if there even are any in existence. *Id*.; Haggerty Dep. at 50:4-9.

that the fields and data identified by Mr. Haggerty are "industry standard" for purposes of a copyrightability assessment.  In fact, a simple comparison reveals that RoyaltyStat's choices as to fields and data are distinct from those of RoyaltyRange.  *Compare* Dkt. 125-46 at 24 *with* Dkt. 125-51 *and* Dkt. 125-52 at 9-10 *with* Dkt. 125-51.  Additionally, Defendants' proffered evidence does not show the precise contents of the databases of any other company, and RoyaltyStat was deprived of the opportunity for discovery that would reveal that information.  Accordingly, Defendants should also not be permitted to introduce evidence of RoyaltyRange to establish what is "generally known" in the area of subscription-based databases of intellectual property agreements.

      Defendants' RoyaltyRange evidence is not only unreliable, it is actively misleading and would therefore be overly prejudicial if presented to a jury.  Defendants should not be permitted to rely on the purported RoyaltyRange reports for any purposes including for comparison of the RoyaltyStat and IntangibleSpring databases or to establish what is commonly known or industry standard.  The limited probative value of Defendants' purported evidence is substantially outweighed by the danger that it is unfairly prejudicial and its tendency to confuse the issues.  Fed. R. Evid. 403.  *See also Garvine v. Maryland*, No. CV 17-01013-JMC, 2019 WL 1282070, at *2 (D. Md. Mar. 20, 2019) ("Because Plaintiff's signing of the waiver does not, by itself, bar her claim, the Court is hesitant to permit its introduction based on concerns over its potential to mislead the jury and confuse the issues, in violation of Federal Rule of Evidence 403. . . . Because the Court holds that, as a matter of law, the language of the waiver fails to meet the standard set forth in *Adloo* for an exculpatory waiver sufficient to excuse Defendants from their own alleged negligence as articulated in this case, and because of the danger of misleading the jury and confusion of the issues should the waiver be introduced for some other purpose (for which

alternative evidence exists), the Court will not allow introduction of or reference to the waiver at trial.").

### 2. Defendants failed to disclose RoyaltyRange evidence without justification.

Defendants have had the Royalty Range documents in their position since the start of this litigation in 2015 but they presumably made a strategic decision not to produce them to Plaintiff until early 2019 with their expert disclosures after the conclusion of discovery. *See* Exhibit 2 (email showing Defendants had possession of the RoyaltyRange documents as early as 2015); Exhibit 3 (notifications showing that the documents were not produced to Plaintiff until January 2019, after fact discovery had closed); Dkt. 125-2, ¶ 96; Dkt. 125-51. These RoyaltyRange documents and any related testimony should therefore be excluded because the evidence was not timely disclosed during discovery and this failure is without justification and harmful to Plaintiff. Fed. R. Civ. P. 26 and 37.

Where a party fails to make a disclosure that is required under Rule 26(a) or (e), Rule 37(c)(1) provides "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). There is no justification for failing to provide documents that are central to a party's case and that have been in its possession for several years. And the failure to disclose this information is not harmless because it prevented Plaintiff from fully developing its case and identifying evidence to respond to the report and the new evidence upon which Defendants now seek to rely. *See Garvine v. Maryland*, No. CV 17-01013-JMC, 2019 WL 1282070, at *4 (D. Md. Mar. 20, 2019) (excluding photographs that were untimely disclosed because the fact that Plaintiff's expert only sought to use them for "reference at trial" "does not sufficiently give rise to the harmless error exception to Rule 26(a)(3). Given sufficient time, [Defendant] Oxford may well

6

have been able to develop evidence to undermine the photographs, including having its own expert obtain competing exhibits.").

If the evidence is permitted, the jury would only be asked to consider Defendants' limited, unreliable, and misleading reports and evidence, which do not actually support the propositions for which Defendants seek to introduce them.  Moreover, RoyaltyStat would not have the opportunity to explore this proffered evidence at trial.  RoyaltyRange, for example, is headquartered outside the United States.  It is therefore beyond the subpoena power of the Court and cannot be compelled to appear at trial. Fed. R. Civ. P. 45(b).  Evidence must be excluded if it will result in a "trial by ambush." *Williams v. Montgomery Cty., Maryland*, No. PX-16-3204, 2018 WL 2087396, at *4 (D. Md. May 4, 2018).  Evidence that RoyaltyStat has not been given the opportunity to explore in discovery cannot be permitted at trial and the lack of opportunity to address this evidence is prejudicial to RoyaltyStat. *Id.*  This is especially true where the evidence includes unverified out-of-court statements from third party companies outside the subpoena power of the Court and documents that lack foundation, authentication, and reliability.  This evidence must therefore be excluded.

## Conclusion

For the foregoing reasons, Plaintiff requests this court preclude the introduction of evidence and testimony concerning RoyaltyRange.  These documents and information are unreliable, unauthenticated, and prejudicial and Plaintiff requests that this Court excluded them from trial under Federal Rule of Evidence 403 and Federal Rule of Civil Procedure 26 and 37.

Dated: July 6, 2020            Respectfully submitted,

                     /s/*Billy B. Ruhling, II*
                     Billy B. Ruhling, II (Fed. Bar No. 17827)
                     Cecil Key (Admitted *Pro Hac Vice*)
                     DiMuroGinsberg, P.C.
                     1101 King Street, Suite 610
                     Alexandria, VA 22314
                     Tel: 703-684-4333
                     Fax: 703-548-3181
                     bruhling@dimuro.com
                     *Counsel for RoyaltyStat LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 6, 2020, a true and correct copy of the foregoing was electronically filed using the Court's CM/ECF system, which will automatically serve the following counsel of record:

         John P. Lynch
         McNamee, Hosea, Jernigan, Kim,
            Greenan & Lynch, P.S.
         6411 Ivy Lane, Suite 200
         Greenbelt, MD  20770
         Tel: 301-441-2420
         Fax: 301-982-9450
         Email: jlynch@mhlawyers.com

         John Anthony Di Giacomo
         Revision Legal, PLLC
         444 Cass St., Suite D
         Traverse City, MI  49684
         Tel: 231-714-0100
         Fax: 231-714-0200
         Email: john@revisionlegal.com

                     */s/ Billy B. Ruhling, II*
                     Billy B. Ruhling, II (Fed. Bar No. 17827)