# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

ROYALTYSTAT, LLC,
a Maryland limited liability company,

    Plaintiff and Counter-Defendant,

v.

INTANGIBLESPRING, INC.,
a Panamanian corporation,

and

RAUL PACHECO QUINTANILLA,
a resident of the United Mexican States,

    Counter-Plaintiffs and Defendants,

v.

EDNALDO SILVA,
a resident of the State of Maryland,

    Counter-Defendant.

Case No.: 8:15-cv-03940-GJH

Hon. Paula Xinis

---

**DEFENDANT INTANGIBLESPRING, INC.'S RESPONSES TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

**PRELIMINARY STATEMENT**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant IntangibleSpring, Inc. ("Defendant"), hereby responds to Plaintiff RoyaltyStat, LLC's ("Plaintiff") Third Set of Requests for Production of Documents and Things as follows:

1

## GENERAL OBJECTIONS

1. Defendant objects to Plaintiff's "Definitions" and "Instructions" to the extent they attempt to impose discovery obligations that differ from or exceed the discovery obligations imposed by the Federal Rules of Civil Procedure or the local civil rules.

2. Defendant objects to Plaintiff's Requests for Production to the extent they call for information that is cumulative or duplicative of information already known to Plaintiff or available to Plaintiff from its own files or from public sources.

3. Defendant objects to Plaintiff's Requests for Production to the extent they are unreasonably duplicate or cumulative of another Request or insofar as they request information obtainable by Plaintiff from another source that is more convenient, less burdensome, or less expensive pursuant to Fed. R. Civ. P. 26(b)(2)(C)(i).

4. Defendant objects to Plaintiff's Requests for Production to the extent they call for the production of documents and information not within Defendant's possession, custody, or control.

5. Defendant objects to Plaintiff's Requests for Production insofar as they require production of documents at a time and in a manner not mutually agreed upon by the parties or mandated by the Court. Defendant will produce documents in a reasonable manner and on a rolling basis subject to any subsequent agreement between the parties or as so ordered by the Court.

6. Defendant objects to Plaintiff's Requests for Production insofar as any are premature and reserves the right to assert additional objections as appropriate or to revise, supplement, amend, or clarify any of its responses or objections.

7. Defendant's production of documents or information in response to Plaintiff's Requests for Production does not constitute an acknowledgement that such production comprises relevant or admissible documents or information.

8. Defendant objects to the Requests for Production to the extent that they seek information protected by the attorney-client privilege, the work-product privilege, or any other privilege, protection, or immunity applicable under governing law.

9. To the extent Plaintiff seeks user information, such as emails, logins, user date, or other information subject to Defendant's contractual privacy obligations or the law, Defendant will produce responsive documents subject to a separate written protective order that will protect that highly sensitive and private information.

10. Defendant objects to the Requests for Production to the extent that they are vague, ambiguous, overly broad, unduly burdensome, oppressive, and/or seek information that is not relevant to the issues in this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.

11. These General Objections are made, to the extent applicable, in response to each of the Requests for Production of Documents as if the objections were fully set forth therein.

12. Defendant's response to each of the Requests for Production of Documents is based upon information and documentation available as of the date hereof and reserves the right to supplement and amend their responses.

**SPECIFIC OBJECTIONS TO PLAINTIFF'S "DEFINITIONS"**

13. Defendant objects to Plaintiff's definitions of "IntangibleSpring" and "Pachecho" to the extent they attempt to impose discovery obligations on non-parties and seeks information and documents not within the possession, custody, or control of Defendant.

14. Defendant objects to Plaintiff's definition of "custody" to the extent that it seeks information and documents not within the possession, custody, or control of Defendant.

## DOCUMENT REQUESTS

11. All instructions provided by you to analysts regarding review of license agreements and extraction of data for inclusion in the IntangibleSpring Database.

**RESPONSE**: Defendant objects to this request because it is overly broad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence.

12. All mineral and FOIA agreements identified by you in your deposition (*see* Depo. Tr. Of Raul Pacheco Quintanilla, Corporate Designee at 37:21-38-38:18 (Aug. 30, 2018)).

**RESPONSE**: Defendant objects to this request because it is overly broad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant will produce all responsive, relevant, and non-privileged documents within its possession, custody, or control.

13. All documents, including submissions to and communications with the U.S. Copyright Office, regarding the application to register the alleged copyrights in the IntangibleSpring Database.

**RESPONSE**: Defendant objects to this request because it is overly broad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant will produce all responsive, relevant, and non-privileged documents within its possession, custody, or control.

14. RoyaltyStat's customer list as it appeared in the RoyaltyStat database in 2011.

**RESPONSE**: Defendant objects to this request because it is overly broad, unduly burdensome, not proportional to the needs of the case, requests documents within the possession of Plaintiff, and not reasonably calculated to lead to the discovery of admissible evidence.

15. All communications with RoyaltyStat current or former employees or independent contractors.

**RESPONSE**: Defendant objects to this request because it is overly broad, unduly burdensome, not proportional to the needs of the case, requests documents within the possession of Plaintiff, and not reasonably calculated to lead to the discovery of admissible evidence.

16. Documents reflecting or memorializing comments made by you to your subscribers or potential subscribers regarding the content of the IntangibleSpring Database, the quality of the IntangibleSpring Database, and/or any comparison of the IntangibleSpring Database to databases offered by IntangibleSpring's competitors, including any presentations made to potential subscribers.

**RESPONSE**: Defendant objects to this request because it is overly broad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence.

17. All agreements between you and any individuals or entities engaged by you to provide services of reviewing license agreements and extracting data to be included in the IntangibleSpring Database.

**RESPONSE**: Defendant objects to this request because it is overly broad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence.

18. All communications between you and David Jarczyk.

**RESPONSE**: Defendant objects to this request because it is overly broad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence.

19. All communications between you and ktMine.

**RESPONSE**: Defendant objects to this request because it is overly broad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence.

20. All communications between you and Luis Carrillo.

**RESPONSE**: Defendant objects to this request because it is overly broad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence.

21. All communications between you and Ocean Tomo.

**RESPONSE**: Defendant objects to this request because it is overly broad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence.

22. Any market research or analysis regarding competitors in your market, including ktMine, RoyaltyRange, RoyaltyStat and RoyaltyStat (sic).

**RESPONSE**: Defendant objects to this request because it is overly broad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant states that no such documents exist.

23. Any agreements between you and Amazon Web Services (AWS) regarding the hosting of data.

**RESPONSE**: Defendant objects to this request because it is overly broad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant states that no such documents exist outside of Amazon's terms of use agreement, which is accessible online.

24. All business plans and projections regarding growth of your revenues and profits, including any presentations to potential investors in IntangibleSpring.

**RESPONSE**: Defendant objects to this request because it is overly broad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence.

25. Your audited financial statements for each year from 2013 to the present.

**RESPONSE**: Defendant objects to this request because it is overly broad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence.

26. Documents reflecting the pricing structure for subscriptions to the IntangibleSpring Database as described in your deposition (*see* Depo. Tr. of Raul Pacheco Quintanilla, Corporate Designee at 88:10-92:12 (Aug. 30, 2018).

**RESPONSE**: Defendant objects to this request because it is overly broad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant will

produce all responsive, relevant, and non-privileged documents within its possession, custody, or control.

27. Documents sufficient to show the gross revenue attributable to your sale of subscriptions to the IntangibleSpring Database for each year from 2013 to the present.

**RESPONSE**: Defendant objects to this request because it is overly broad, unduly burdensome, not proportional to the needs of the case, duplicative of previous discovery requests, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant has produced documents sufficient to show its gross revenue for each year from its inception to the present.

28. Documents sufficient to show the net revenue attributable to your sale of subscriptions to the IntangibleSpring Database for each year from 2013 to the present.

**RESPONSE**: Defendant objects to this request because it is overly broad, unduly burdensome, not proportional to the needs of the case, duplicative of previous discovery requests, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant has produced documents sufficient to show its net revenue for each year from its inception to the present.

29. All reports by any person engaged by you to provide testimony as an expert witness, including all documents considered and relied on in preparing the report, the curriculum vitae of the witness, and documents sufficient to identify the qualifications and compensation paid to the witness.

**RESPONSE**: Subject to and without waiving its general and specific objections, Defendant will produce all responsive, relevant, and non-privileged documents within its possession, custody, or control.

Dated: October 28, 2018 REVISION LEGAL, PLLC
*Attorneys for Defendant*

By: ___/JAD/_____
John Di Giacomo
Revision Legal, PLLC
444 Cass Street, Suite D
Traverse City, MI 49684
john@revisionlegal.com
Phone: (231) 714-0100
Fax (231) 714-0200

9

**CERTIFICATE OF SERVICE**

     I hereby certify that on October 28, 2018, I electronically served Defendant IntangibleSpring Corp's Responses to Plaintiff's Third Requests for Production of Documents on counsel of record pursuant to stipulation of parties and at the following address:

Billy B. Ruhling II
DiMuro Ginsberg
PC 1101 King Street
Suite 600
Alexandria, VA 22314
703-684-4333
Fax: 703-548-3181
bruhling@dimuro.com

                                                               By: ___/JAD/_____
                                                           John Di Giacomo
                                                           Revision Legal, PLLC
                                                           444 Cass Street, Suite D
                                                          Traverse City, MI 49684
                                                          john@revisionlegal.com
                                                          Phone: (231) 714-0100
                                                          Fax (231) 714-0200