# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | | |
|---|---|---|
| RoyaltyStat LLC, | * | |
|     Plaintiff/Counter Defendant, | * | |
| | * | |
| v. | * | Case No.: 8:15-cv-03940-PX |
| | * | |
| IntangibleSpring, Corp., et al. | * | |
| | * | |
|     Defendants/Counter Plaintiff, | * | |
| v. | * | |
| | * | |
| Ednaldo Silva, | * | |
| | * | |
|     Counter Defendant. | * | |

_____

**OBJECTIONS TO INTANGIBLESPRING CORP.'S
SUBPOENA TO IP PERFORMANCE GROUP, INC.**

RoyaltyStat, LLC, and IP Performance Group, Inc. ("IPP") hereby present objections and responses to the document titled *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* served on June 27, 2018. RoyaltyStat, LLC, fully joins IPP's objections below and incorporates them as its own.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

Respondents object to the definitions and instructions to the extent they seek documents that are protected from production or disclosure by the attorney-client privilege, attorney work product doctrine, or other applicable privilege.

Respondents object to the definitions and instructions to the extent they seek to impose requirements that go beyond those imposed by the Federal Rules of Civil Procedure or the Court's discovery rules.

Respondents object to the definitions and instructions to the extent they seek to require production in a specific format. To the extent specific production formats are required, they should be mutually agreed upon by the parties including an agreement as to allocation of the costs for complying with specific requirements.

Respondents object to the definitions and instructions to the extent they are overly broad, unduly burdensome and not proportional to the needs of the case in seeking to require IPP to search thousands of pages of non-searchable image files over an almost four-year-period for each request, regardless of the subject matter of the request.

Respondents object to the definitions to the extent they are overly broad, unduly burdensome and not proportional to the needs of the case or are seeking documents that are not within IPP's possession, custody or control and which go beyond the needs of the case.

## OBJECTIONS TO REQUESTS FOR PRODUCTION

1. Please produce any and all Documents and Communications between IP Performance and Ednaldo Silva Concerning the IntangibleSpring Database from January 1, 2015 to the present.

Objection:

IPP objects to this request as duplicative of Request No. 2, in that Request No. 2 encompasses the documents and communications sought in Request No. 1, and accordingly directs IntangibleSpring to its response to Request No. 2.

2. Please produce and all Documents and Communications between IP Performance and RoyaltyStat concerning the IntangibleSpring Database from January from January 1, 2015 to the present.

Objection:

IPP objects on the grounds that the subpoena seeks the opinion or knowledge of an expert

2

retained for trial preparation as described in Fed. R. Civ. P. 26(b)(4)(D) and IntangibleSpring is using the subpoena as a means to obtain such expert's opinion or knowledge without paying that expert for his services. Discovery of such an expert by either interrogatory or subpoena is improper under the Federal Rules.

IPP further objects to the request on the grounds that it seeks documents and information protected from production or disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

IPP further object on the ground that portions of the request are so vague and ambiguous that it is unreasonable or even impossible for the recipient to comply. Specifically, it seeks all documents "concerning the IntangibleSpring Database" without explanation, definition, or limitation. Furthermore, the request is unduly burdensome to the extent the underlying documents it seeks are already in IS's possession and would not be of additional use in its defense or prosecution of this case.

The request is unduly burdensome considering the burdensomeness to IPP against IS's need for, and the relevance of, the information being sought particularly given the relevance of the sought-after evidence, IS's need for the evidence, the breadth of the request, the time period covered by the request, the adequacy of the description of the evidence sought, and the burden imposed.

IPP further objects on the grounds that complying with the subpoena would subject IPP to undue burden and expense because of the time, effort, and expense required to comply. The requested documents are in non-searchable image format and to locate responsive documents would require the time and expense of individually reviewing each of thousands of pages of

images, a review that would take dozens of hours of time to perform.

Therefore, IPP will only produce the requested documents if the cost of compliance is shifted to IntangibleSpring as the issuing party and to the extent such documents are not protected either by privilege or the work product doctrine. Before IPP will produce these documents, IntangibleSpring must compensate IPP its lost earnings from performing the search as well as reasonable attorneys' fees under Fed. R. Civ. P. 45(d)(1).

3. Please produce any and all Documents and Communications between IP Performance and Ednaldo Silva Concerning the RoyaltyStat Database from January 1, 2015 to the present.

Objection:

IPP objects to this request as duplicative of Request No. 4, in that Request No. 4 encompasses the documents and communications sought in Request No. 3, and accordingly directs IntangibleSpring to its response to Request No. 4.

4. Please produce any and all Documents and Communications between IP Performance and RoyaltyStat concerning the RoyaltyStat Database from January 1, 2015 to the present.

Objection:

IPP objects on the grounds that the subpoena seeks the opinion or knowledge of an expert retained for trial preparation as described in Fed. R. Civ. P. 26(b)(4)(D) and IntangibleSpring is using the subpoena as a means to obtain such expert's opinion or knowledge without paying that expert for his services. Discovery of such an expert by either interrogatory or subpoena is

4

improper under the Federal Rules.

IPP further objects to the request on the grounds that it seeks documents and information protected from production or disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

IPP further object on the ground that portions of the request are so vague and ambiguous that it is unreasonable or even impossible for the recipient to comply.  Specifically, it seeks all documents "concerning the RoyaltyStat Database" without explanation, definition, or limitation. Furthermore, the request is unduly burdensome to the extent the underlying documents it seeks are already in IS's possession and would not be of additional use in its defense or prosecution of this case.

The request is unduly burdensome considering the burdensomeness to IPP against IS's need for, and the relevance of, the information being sought particularly given the relevance of the sought-after evidence, IS's need for the evidence, the breadth of the request, the time period covered by the request, the adequacy of the description of the evidence sought, and the burden imposed.

IPP further objects on the grounds that complying with the subpoena would subject IPP to undue burden and expense because of the time, effort, and expense required to comply.  The requested documents are in non-searchable image format and to locate responsive documents would require the time and expense of individually reviewing each of thousands of pages of images, a review that would take dozens of hours of time to perform.

Therefore, IPP will only produce the requested documents if the cost of compliance is shifted to IntangibleSpring as the issuing party and to the extent such documents are not

protected either by privilege or the work product doctrine. Before IPP will produce these documents, IntangibleSpring must compensate IPP its lost earnings from performing the search as well as reasonable attorneys' fees under Fed. R. Civ. P. 45(d)(1).

5. Please produce all Documents downloaded by IP Performance from the IntangibleSpring Database from January 1, 2015 to the present.

Objection:

IPP objects on the grounds that the subpoena seeks the opinion or knowledge of an expert retained for trial preparation as described in Fed. R. Civ. P. 26(b)(4)(D) and IntangibleSpring is using the subpoena as a means to obtain such expert's opinion or knowledge without paying that expert for his services. Discovery of such an expert by either interrogatory or subpoena is improper under the Federal Rules.

IPP further objects to the request on the grounds that it seeks documents and information protected from production or disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

IPP further object on the ground that portions of the request are so vague and ambiguous that it is unreasonable or even impossible for the recipient to comply. Specifically, it seeks all documents it downloaded "from the IntangibleSpring Databased" without explanation, definition, or limitation. Furthermore, the request is unduly burdensome to the extent the underlying documents it seeks are already in IS's possession and would not be of additional use in its defense or prosecution of this case.

The request is unduly burdensome considering the burdensomeness to IPP against IS's

need for, and the relevance of, the information being sought particularly given the relevance of the sought-after evidence, IS's need for the evidence, the breadth of the request, the time period covered by the request, the adequacy of the description of the evidence sought, and the burden imposed.

IPP further objects on the grounds that complying with the subpoena would subject IPP to undue burden and expense because of the time, effort, and expense required to comply. The requested documents are in non-searchable image format and to locate responsive documents would require the time and expense of individually reviewing each of thousands of pages of images, a review that would take dozens of hours of time to perform.

Therefore, IPP will only produce the requested documents if the cost of compliance is shifted to IntangibleSpring as the issuing party and to the extent such documents are not protected either by privilege or the work product doctrine. Before IPP will produce these documents, IntangibleSpring must compensate IPP its lost earnings from performing the search as well as reasonable attorneys' fees under Fed. R. Civ. P. 45(d)(1).

6.  Please produce all Documents evidencing retainer agreements or contracts between IP Performance and RoyaltyStat or Ednaldo Silva from January 1, 2015 to the present.

Objection:

IPP objects on the grounds that the subpoena seeks the opinion or knowledge of an expert retained for trial preparation as described in Fed. R. Civ. P. 26(b)(4)(D) and IntangibleSpring is using the subpoena as a means to obtain such expert's opinion or knowledge without paying that expert for his services. Discovery of such an expert by either interrogatory or subpoena is

improper under the Federal Rules.

IPP further objects to the request on the grounds that it seeks documents and information protected from production or disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

IPP further object on the ground that portions of the request are so vague and ambiguous that it is unreasonable or even impossible for the recipient to comply.  Specifically, it seeks all documents "evidencing retainer agreements or contracts" without explanation, definition, or limitation of the term "evidencing" and the context of the request does not make its meaning any more clear rendering the request overbroad.

The request is unduly burdensome considering the burdensomeness to IPP against IS's need for, and the relevance of, the information being sought particularly given the relevance of the sought-after evidence, IS's need for the evidence, the breadth of the request, the time period covered by the request, the adequacy of the description of the evidence sought, and the burden imposed.

IPP further objects on the grounds that complying with the subpoena would subject IPP to undue burden and expense because of the time, effort, and expense required to comply.  The requested documents are in non-searchable image format and to locate responsive documents would require the time and expense of individually reviewing each of thousands of pages of images, a review that would take dozens of hours of time to perform.

Therefore, IPP will only produce the requested documents if the cost of compliance is shifted to IntangibleSpring as the issuing party and to the extent such documents are not protected either by privilege or the work product doctrine.  Before IPP will produce these

documents, IntangibleSpring must compensate IPP its lost earnings from performing the search as well as reasonable attorneys' fees under Fed. R. Civ. P. 45(d)(1).

7.     Please produce all Documents evidencing payments by RoyaltyStat or Ednaldo Silva to IP Performance from January 1, 2015 to the present.

Objection:

IPP objects on the grounds that the subpoena seeks the opinion or knowledge of an expert retained for trial preparation as described in Fed. R. Civ. P. 26(b)(4)(D) and IntangibleSpring is using the subpoena as a means to obtain such expert's opinion or knowledge without paying that expert for his services. Discovery of such an expert by either interrogatory or subpoena is improper under the Federal Rules.

IPP further objects to the request on the grounds that it seeks documents and information protected from production or disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

IPP further object on the ground that portions of the request are so vague and ambiguous that it is unreasonable or even impossible for the recipient to comply.  Specifically, it seeks all documents "evidencing payments" without explanation, definition, or limitation of the term "evidencing" and the context of the request does not make its meaning any more clear rendering the request overbroad.

The request is unduly burdensome considering the burdensomeness to IPP against IS's need for, and the relevance of, the information being sought particularly given the relevance of the sought-after evidence, IS's need for the evidence, the breadth of the request, the time period

9

covered by the request, the adequacy of the description of the evidence sought, and the burden imposed.

IPP further objects on the grounds that complying with the subpoena would subject IPP to undue burden and expense because of the time, effort, and expense required to comply. The requested documents are in non-searchable image format and to locate responsive documents would require the time and expense of individually reviewing each of thousands of pages of images, a review that would take dozens of hours of time to perform.

Therefore, IPP will only produce the requested documents if the cost of compliance is shifted to IntangibleSpring as the issuing party and to the extent such documents are not protected either by privilege or the work product doctrine. Before IPP will produce these documents, IntangibleSpring must compensate IPP its lost earnings from performing the search as well as reasonable attorneys' fees under Fed. R. Civ. P. 45(d)(1).

8.  Please produce all Documents evidencing any reports provided by IP Performance to RoyaltyStat or Ednaldo Silva from January 1, 2015 to the present.

Objection:

IPP objects on the grounds that the subpoena seeks the opinion or knowledge of an expert retained for trial preparation as described in Fed. R. Civ. P. 26(b)(4)(D) and IntangibleSpring is using the subpoena as a means to obtain such expert's opinion or knowledge without paying that expert for his services. Discovery of such an expert by either interrogatory or subpoena is improper under the Federal Rules.

IPP further objects to the request on the grounds that it seeks documents and information

protected from production or disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

IPP further object on the ground that portions of the request are so vague and ambiguous that it is unreasonable or even impossible for the recipient to comply. Specifically, it seeks all documents "evidencing any reports" without explanation, definition, or limitation of the term "evidencing" and the context of the request does not make its meaning any more clear rendering the request overbroad.

The request is unduly burdensome considering the burdensomeness to IPP against IS's need for, and the relevance of, the information being sought particularly given the relevance of the sought-after evidence, IS's need for the evidence, the breadth of the request, the time period covered by the request, the adequacy of the description of the evidence sought, and the burden imposed.

IPP further objects on the grounds that complying with the subpoena would subject IPP to undue burden and expense because of the time, effort, and expense required to comply. The requested documents are in non-searchable image format and to locate responsive documents would require the time and expense of individually reviewing each of thousands of pages of images, a review that would take dozens of hours of time to perform.

Therefore, IPP will only produce the requested documents if the cost of compliance is shifted to IntangibleSpring as the issuing party and to the extent such documents are not protected either by privilege or the work product doctrine. Before IPP will produce these documents, IntangibleSpring must compensate IPP its lost earnings from performing the search as well as reasonable attorneys' fees under Fed. R. Civ. P. 45(d)(1).

August 10, 2018        Respectfully Submitted,

                */s/ Billy B. Ruhling, II*
                Billy B. Ruhling, II (Fed. Bar No. 17827)
                Cecil E. Key (Bar No. 805447)
                DiMuroGinsberg, P.C.
                1101 King Street, Suite 610
                Alexandria, VA 22314
                Tel: 703-684-4333
                Fax: 703-548-3181
                bruhling@dimuro.com
                ckey@dimuro.com
                *Counsel for RoyaltyStat LLC and Dr. Ednaldo Silva*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on August 10, 2018, a true and correct copy of the foregoing was sent by email and U.S. Mail, first-class, postage pre-paid, to:

> John P. Lynch
> McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.S.
> 6411 Ivy Lane, Suite 200
> Greenbelt, MD  20770
> Tel: 301-441-2420
> Fax: 301-982-9450
> Email: jlynch@mhlawyers.com
>
> John Anthony Di Giacomo
> Revision Legal, PLLC
> 444 Cass St., Suite D
> Traverse City, MI  49684
> Tel: 231-714-0100
> Fax: 231-714-0200
> Email: john@revisionlegal.com

                    */s/ Billy B. Ruhling, II*
                    Billy B. Ruhling, II (Fed. Bar No. 17827)